# EXHIBIT 7

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN GERICKE, Individually and on behalf of All Individuals similarly situated, | Civil Action No. |
| Plaintiffs, | |
| v. | **NOTICE OF REMOVAL** |
| TRUIST D/B/A OR F/K/A BRANCH BANKING AND TRUST COMPANY and JOHN DOES 1-10, | |
| Defendants. | |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331-1332, Truist Bank, formerly known as Branch Banking and Trust Company ("BB&T"), as successor by merger to Susquehanna Bank (collectively "Truist Bank" or "Defendant") (improperly named as "Defendant Truist d/b/a or f/k/a Branch Banking and Trust Company"), by its attorneys, hereby removes this action from the Superior Court of New Jersey, Law Division, Gloucester County to the United States District Court for the District of New Jersey.  In support of this Notice of Removal, Defendant states as follows:

1.      Plaintiff originally commenced this action by filing a Complaint against Defendant in the Superior Court of New Jersey, Law Division, Gloucester

County, New Jersey, under docket number GLO-L-000112-20. No further proceedings before the state court have occurred.

2.     Pursuant to 28 U.S.C. §1446(a), a copy of the Complaint, the only process, pleading, or order sent but not properly served upon Defendant in this action, is attached hereto as **Exhibit A**.[1]

3.     Plaintiff attempted to serve the Complaint on Defendant on or about February 20, 2020 by Sheriff in North Carolina, instead of Corporate Trust Company, Defendant's appointed registered agent in New Jersey for service of process.

4.     Defendant has received the Complaint and accepted service, through undersigned counsel on March 19, 2020.

5.     This Notice of Removal is timely filed, having been filed within thirty (30) days of the date on which the Defendant accepted service of the Complaint. 28 U.S.C. §1446(b).

6.     The Superior Court of New Jersey, Law Division, Gloucester County, is located within the District of New Jersey. Therefore, venue is proper because the action is being removed to the "district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

_____

[1] The Exhibits to the Original Complaint have been redacted to remove personally identifying information of the Plaintiff, including loan numbers and social security numbers, in accordance with applicable law. See Fed. R. Civ. P. 5.2

7.      No previous application has been made for the relief requested herein.

8.      This action is a civil action over which this Court has diversity jurisdiction under 28 U.S.C. § 1332.

9.      Defendant Truist Bank is a North Carolina State-Charted Bank. Defendant's principal place of business is currently (and was at the time the Complaint was filed) located is Charlotte, North Carolina.   Truist Bank is, therefore, a citizen of North Carolina for purposes of 28 U.S.C. § 1332(a)(1) and (c)(1).

10.     Plaintiff, by his admission, is a resident of New Jersey residing at 238 Hampshire Drive, Deptford, New Jersey.

11.     The amount in controversy exceeds $75,000.00.   Plaintiff identifies his damages as (1) either the judgment debt of $199,427.80 or (2) the alleged taxes of $59,269.46 on that judgment debt, together with additional treble damages, attorneys' fees and litigation costs, either of which exceeds the $75,000.00 amount in controversy requirement of 28 U.S.C. § 1332(a).

12.     Because this action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) due to the complete diversity of the parties that existed at the time the Complaint was filed and continues to exist to date, and an amount in controversy above the $75,000.00 threshold, this action is properly removable to this Court by Defendant pursuant to 28 U.S.C. § 1441(b).

- 3 -

13.    Pursuant to 28 U.S.C. §1446(d), written notice of this Notice of Removal of this action is being immediately filed with the Superior Court of New Jersey, Gloucester County, Law Division.

14.    Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal of this action is being served upon Plaintiff.

**WHEREFORE**, Defendant Truist Bank gives notice that this action is removed from the Superior Court of New Jersey, Gloucester County, Law Division, to the United States District Court for the District of New Jersey.

**REED SMITH LLP**

Dated:  March 19, 2020          By: */s/ Diane A. Bettino*
                                      Diane A. Bettino

                                      506 Carnegie Center, Suite 300
                                      Princeton, NJ 08540
                                      Telephone: 609-987-0050
                                      Facsimile: 609-951-0824
                                      dbettino@reedsmith.com
                                      *Attorneys for Defendant Truist Bank*

- 4 -

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN GERICKE, Individually and on behalf of All Individuals similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRUIST D/B/A OR F/K/A BRANCH BANKING AND TRUST COMPANY and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No.<br><br><br><br>**CERTIFICATION OF<br>DIANE A. BETTINO. ESQ.** |

DIANE A. BETTINO, Esquire, hereby certifies:

1.     I am an attorney-at-law of the State of New Jersey and a partner with the law firm of Reed Smith LLP, counsel for Defendant Truist Bank, formerly known as Branch Banking and Trust Company ("BB&T"), as successor by merger to Susquehanna Bank (collectively "Truist Bank" or "Defendant") (improperly named as "Defendant Truist d/b/a or f/k/a Branch Banking and Trust Company") in the above-captioned matter.

2.     I have read the foregoing Notice of Removal, and I certify that to the best of my information and belief, the contents thereof are true and correct.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


**REED SMITH LLP**

Dated:  March 19, 2020    By: */s/ Diane A. Bettino*
         Diane A. Bettino

        506 Carnegie Center, Suite 300
        Princeton, NJ 08540
        Telephone: 609-987-0050
        Facsimile: 609-951-0824
        dbettino@reedsmith.com
        *Attorneys for Defendant Truist Bank*

- 2 -

# EXHIBIT A

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 9 of 75 PageID: 180

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 2 of 65 PageID: 8
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 1 of 83 Trans ID: LCV2020179845

**LEWIS G. ADLER**
**ATTORNEY AT LAW**
Attorney ID#: 023211985
26 Newton Ave.
Woodbury, NJ 08096
Tel. #: (856) 845-1968
Fax #: (856) 848-9504
Email: lewisadler@verizon.net
Co-counsel for plaintiffs

**PERLMAN DEPETRIS**
**CONSUMER LAW**
Lee M. Perlman
Attorney ID #: 019171994
Email: Lperlman@newjerseylemons.com
Paul DePetris
Attorney ID #: 005821996
Email: info@newjerseylemons.com
1926 Greentree Road, Suite 100
Cherry Hill, New Jersey 08003
Tel.#: 856-751-4224
Fax#: 856-751-4226
Counsel for plaintiffs

| | |
|---|---|
| JOHN GERICKE, INDIVIDUALLY AND ON BEHALF OF ALL INDIVIDUALS SIMILARLY SITUATED,<br><br>               PLAINTIFFS[1],<br>          V.<br>TRUIST D/B/A OR F/K/A BRANCH BANKING AND TRUST COMPANY AND JOHN DOES 1-10,<br>             DEFENDANTS. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, CIVIL PART GLOUCESTER COUNTY<br><br>DOCKET NO.<br><br><br><br>**COMPLAINT** |

Plaintiffs plead as follows:

## ABBREVIATIONS USED IN THIS DOCUMENT

For brevity's sake, hereafter plaintiffs shall use the following abbreviated terms:

---

[1] As used in this document, use of the plural includes the singular, where applicable. The parties are referred to in the plural regardless of their actual number.

| ORIGINAL TERM | ABBREVIATION |
|---|---|
| John Gericke | Plaintiffs |
| The proposed class as identified below | The class or the class members |
| Truist d/b/a or f/k/a Branch Banking And Trust Company | Defendants |
| Defendants John Does 1-10 | The does |
| The contract that is the subject of this case | The contract |
| The loan that is the subject of this case | The loan |
| The debt that is the subject of this case - a judgment numbered J-062680-12 recorded on or about March of 2012 by Susquehanna Bank and against plaintiffs | The debt or the judgment |
| The Internal Revenue Service | The IRS |
| The 1099-C form that defendants issued plaintiffs relative to the debt | The notice |
| A letter dated 4-26-19 that defendants wrote to plaintiffs counsel's office | The response letter |
| The New Jersey Truth-In-Consumer Contract, Warranty And Notice Act, N.J.S.A. 56:12-14 To -18 | TCCWNA |
| N.J.S.A. 56:12-15 | Section 15 |
| N.J.S.A. 56:12-16 | Section 16 |

| The New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, Et Seq. | CFA |
|---|---|
| N.J.S.A. 56:8-2 | Section 2 |
| New Jersey Division Of Consumer Affairs | DCA |
| Plaintiffs' Complaint Filed In This Case | The Complaint |
| The Instant Civil Action | This Case Or The Case |
| The Class Action Fairness Act, 28 U.S.C. § 1332 | CAFA |
| Uniform Declaratory Judgment Law, N.J. Stat. Ann. §§ 2A:16-50 to -62 | UDJL |

## EXHIBITS

1. In support of this complaint, plaintiffs rely on the following exhibits attached hereto, redacted where necessary to omit confidential personal identifiers and with any enclosures to the exhibits omitted:

    1) IRS forms 1099C copy B for debtor for identifiable event of 1-10-18 addressed from defendants to plaintiffs.

    2) Letter from plaintiffs counsel's office to defendants dated 8-18-18.

    3) Letter from plaintiffs counsel's office to defendants dated 2-19-19.

    4) Letter from defendants to plaintiffs counsel's office dated 4-26-19.

    5) Letter from plaintiffs counsel's office to defendants dated 4-30-19 with certified mail receipts.

    6) Letter from plaintiffs counsel's office to defendants dated 6-3-19.

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 12 of 75 PageID: 183

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 5 of 65 PageID: 11
GLO-L-000712-20   01/27/2020 12:25:24 PM   Pg 4 of 63 Trans ID: LCV2020177845

      7) Letter from plaintiffs counsel's office to defendants dated 6-26-19.

      8) The Law Offices of Lee M. Perlman cash receipt marked paid on 7-31-18.

      9) Letter from Internal Revenue Service to plaintiffs dated 12-2-19.

### PARTIES

2. The allegations contained in the previous paragraphs are repeated as if fully set forth herein.

3. Plaintiffs are individuals with an address of 248 Hampshire Drive, Deptford, New Jersey 08096.

4. Defendants Truist d/b/a or f/k/a Branch Banking And Trust Company is a business with offices located at 200 West 2nd Street, Winston Salem, North Carolina 27101 and 214 North Tryon Street, Charlotte, North Carolina 28202.

5. Defendants John Does 1-10 are fictitious defendants who are entities and/or individuals, including but not limited to those who have yet to be identified by plaintiffs but whose identity may be revealed during the period of discovery that shall occur in future relative to this action and who may be liable for plaintiffs' damages as referenced herein or who are known but not presently considered to be indispensable parties relative to this matter. Such individuals/entities may include but are not necessarily limited to lenders, loan servicers, contractors, subcontractors, independent contractors, companies, corporations, businesses, partnerships, agents, officers, directors, managing members, employees, salespeople, technicians, staff, workmen or representatives of the other defendants named herein.

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 13 of 75 PageID: 184
Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 6 of 65 PageID: 12
GLO-L-000712-20   01/27/2020 12:25:24 PM   Pg 5 of 63 Trans ID: LCV2020177845

6.  Unless otherwise noted below, all allegations set forth below are directed against all defendants named herein and all references to "defendants" shall be to all defendants named herein.

7.  Hereafter all references to "the parties" shall be to all parties named to this complaint.

## FACTUAL ALLEGATIONS

8.  The allegations contained in the previous paragraphs are repeated as if fully set forth herein.

9.  This dispute involves a debt via a judgment numbered J-062680-12 recorded on or about March of 2012 by Susquehanna Bank and against plaintiffs relative to a consumer installment loan taken out by plaintiffs.

10. At all times relevant to this dispute, plaintiffs were and remain New Jersey residents.

11. Defendants describe themselves as follows:  "BB&T and SunTrust have merged to become Truist. Both institutions will continue to offer independent product lines for a period of time.   BB&T is one of the largest financial services holding companies in the U.S. with $230.9 billion in assets and market capitalization of approximately $37.6 billion as of June 30, 2019. Building on a long tradition of excellence in community banking, BB&T offers a wide range of financial services including retail and commercial banking, investments, insurance, wealth management, asset management, mortgage, corporate banking, capital markets and specialized lending. Based in Winston-Salem, N.C., BB&T operates more than 1,700 financial centers in 15 states and Washington, D.C. and is

consistently recognized for outstanding client service by Greenwich Associates for small business and middle market banking."2

12. On or about 2014, defendants acquired the debt from Susquehanna Bank when defendants acquired assets from Susquehanna Bank.

13. Defendants do business in New Jersey, operating approximately 22 branch bank locations in New Jersey.[3]

14. The debt allegedly totals a sum between $398,855.60 and $199,427.80.  Exhibits 1, 2 & 7.

15. On or about 11-10-16, the IRS issued a new regulation codified under 26 CFR Part 1, which the IRS described as follows:  "*Removal of the 36-month non-payment Testing Period Rule* DEPARTMENT OF THE TREASURY Internal Revenue Service 26 CFR Part 1 AGENCY: Internal Revenue Service (IRS), Treasury. ACTION: Final regulation. SUMMARY: This document contains final regulations that remove the rule that a deemed discharge of indebtedness for which a Form 1099–C, "Cancellation of Debt," must be filed occurs at the expiration of a 36-month non-payment testing period. The Treasury Department and the IRS are concerned that the rule creates confusion for taxpayers and does not increase tax compliance by debtors or provide the IRS with valuable third-party information that may be used to ensure taxpayer compliance. The final regulations affect certain financial institutions and governmental entities. DATES: *Effective Date*: These regulations are effective on November 10, 2016. *Applicability Date*: For dates of applicability, see § 1.6050P–1(h).… on

---

2 https://bbt.mediaroom.com/company-information.

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 15 of 75 PageID: 186

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 8 of 65 PageID: 14
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 7 of 63   Trans ID: LCV2020177845

October 15, 2014, a notice of proposed rulemaking (REG–136676–13) proposing
removing the 36-month rule was published in the Federal Register (79 FR
61791). The Treasury Department and the IRS agreed that information reporting
under section 6050P should generally coincide with the actual discharge of a
debt. Because reporting under the 36-month rule may not reflect a discharge of
indebtedness, a debtor may conclude that the debtor has taxable income even
though the creditor has not discharged the debt and continues to pursue
collection. Issuing a Form 1099–C before a debt has been discharged may also
cause the IRS to initiate compliance actions even though a discharge has not
occurred. Additionally, § 1.6050P–1(e)(9) provides that no additional reporting is
required if a subsequent identifiable event occurs. Therefore, in cases in which
the Form 1099–C is issued because of the 36-month rule but before the debt is
discharged, the IRS does not subsequently receive third-party reporting when the
debt is discharged. The IRS's ability to enforce collection of tax for discharge of
indebtedness income may, thus, be diminished when the information reporting
does not reflect an actual cancellation of indebtedness."[4]

26 U.S. Code § 6050P, titled "Returns relating to the cancellation of indebtedness
by certain entities" states, in relevant part: "(a)IN GENERAL Any applicable
entity which discharges (in whole or in part) the indebtedness of
any person during any calendar year shall make a return (at such time and in
such form as the Secretary may by regulations prescribe) setting forth— (1) the
name, address, and TIN of each person whose indebtedness was discharged

---

[3] https://www.bbt.com/locator/search.html.

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 16 of 75 PageID: 187
Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 9 of 65 PageID: 15
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 8 of 63   Trans ID: LCV2020177845

during such calendar year, (2) the date of the discharge and the amount of the indebtedness discharged, and (3) such other information as the Secretary may prescribe."

16. Creditors such as defendants should not send borrowers such as plaintiffs a 1099-C form unless the debt is really canceled by defendants. If, after issuing a 1099-C form, creditors such as defendants fail to confirm for debtors such as plaintiffs that the debt is forgiven, they should rescind the 1099-C form. Otherwise, the unrescinded 099-C form violates applicable federal regulations (e.g., 26 CFR Part 1; 26 U.S.C. § 6050P).

17. On or about July, 2018, plaintiffs hired the Law Offices of Lee M. Perlman to attempt to negotiate an amicable resolution of the debt with defendants, paying that law office $1,000 for such representation. Exhibits 2 & 8.

18. Via a letter dated 8-18-18, plaintiffs counsel's office wrote to defendants' office of Special Assets Recovery, stating: I'm in touch on behalf of our client, John Gericke…who lives at 248 Hampshire Drive in Deptford New Jersey, 08096. This is a follow up to our phone conversation of this morning (08.16) and our discussion of a judgment No: J-062680-12 In the amount of $244,248.49 placed on record in March of 2012 by the Susquehanna Bank, the bank acquired 4 years ago by BB&T In 2014. This judgment was a "Gift" to BB&T as part of the acquisition. You should know that Mr. Gericke is 73 years old and not in the best of health, he lost his beloved business (now out of business) and his financial livelihood; he now lives entirely on social security. He wants to 'retain & remain'

---

[4] https://www.irs.gov/irb/2016-48_IRB.

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 17 of 75 PageID: 188

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 10 of 65 PageID: 16
GLO-L-000112-20   01/27/2020 12:23:24 PM   Pg 9 of 63   Trans ID: LCV2020179845

in his home to live happily ever after, without the threat of a 'Lien'. You may

recall, Mr. Gericke offered a one time $10K payment to release & remove the

Lien & BB&T countered with $50K. Debbie, in our phone conversation you said

you would review a counteroffer which we now present as follows: Amount $25K,

Terms and Conditions are BB&T provides Mr. Gericke a HELOC for $25K (home

is collateral) 15 year amortization (15/2033) at 5% interest. Monthly payment of

$200.00; principal $95.00 + interest $105.00. Additionally, BB&T could place

equivalent life insurance on Mr. Gericke that would payoff the borrowing in full in

the event of his death. Our only other option is a Bankruptcy, which we continue

to consider as a solution. Due to the extenuating circumstances, we believe our

offer to be reasonable, rational & fair. We ask that BB&T please approve. Thank

You." Exhibit 2.

19. Via a letter dated 2-19-19, plaintiffs counsel's office wrote to defendants' office of

Special Assets Recovery, stating:  "I'm in touch on behalf of our client, John

Gericke...who lives at 248 Hampshire Drive in Deptford New Jersey, 08096. We

were pleased to receive your 1099-C, filially forgiving the collateral debt you

recorded in a judgment numbered J-062680-12, that was placed on record in

March of 2012 by the Susquehanna Bank; the Bank you acquired 5 years ago in

2014. We ask that you please notify us once you have released the Lien /

Judgment as 'Satisfied: (sic).  Thank You Kindly."  Exhibit 3.

20. Via a letter dated 4-26-19, defendants wrote to plaintiffs counsel's office, stating:

"Thank you for your recent correspondence regarding the above-referenced

client. In your correspondence you stated that BB&T has not responded to

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 18 of 75 PageID: 189

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 11 of 65 PageID: 17
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 10 of 63 Trans ID: LCV2020177845

previous attempts to settle this matter. We have reviewed the account history and below are the results of our research. We have worked over the last several years with multiple attorneys representing John Gericke in an effort to assist the client on satisfying the judgment and the liens attached to the client's property. Our notes on the system indicate that we spoke with you on August 16, 2018 in regards to the client's settlement offer of $10,000. We advised you that the offer was declined. On October 11, 2018, you called our office with an offer of $25,000 to settle the account. We advised that we would need the client's financials to review the offer. On February 4, 2019, you called our office and asked that since BB&T issued a 1099-C if the debt has been forgiven. Our representative advised that we reported the debt to the IRS but this required reporting did not void our judgment. You stated that you would let the client know and you would follow up. The client's 1099-C was filed in accordance with the IRS regulations (IRS code section 6050P) to report an unpaid debt as income. The bank's filing of the 1099-C in compliance with IRS regulations does not release the client's judgment as it has not been settled or paid." Exhibit 4.

21. Via a letter dated 4-30-19, plaintiffs counsel's office wrote to defendants, stating: "I'm in touch on behalf of our client, John Gericke…who lives at 248 Hampshire Drive in Deptford New Jersey, 08096. We are in touch again about your 1099-C issued for a Cancellation of debt, identified as "G" decision or policy to discontinue collection. Further we provide again a copy of the rule change. The rule change confirms the debt should be gone for good. Yet today (04/30) when we called for status, we were advised the debt would Not be discharged or the

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 19 of 75 PageID: 190

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 12 of 65 PageID: 18
GLO-L-000712-20   01/27/2020 12:25:24 PM   Pg 11 of 63   Trans ID: LCV2020177845

Lien removed and marked satisfied until the year 2032? Please see the enclosed two (2) 1099-C's and info on the rule change. You should also know that we have been discussing this with BB&T since August of 2018, to no avail and lack of response from BB&T. Each time we call we are told BB&T is preparing a written reply? We are now, again asking that we receive a reply on when you will resolve this, before we escalate to the next level." Exhibit 5.

22. Via a letter dated 6-3-19, plaintiffs counsel's office wrote to defendants, stating: "First, apologies for imposing on you and please accept my intrusion as being from one executive to another in need of help. I'm in touch on behalf of our client, John Gericke, who lives at 248 Hampshire Drive in Deptford New Jersey, 08096. We have a problem and after roughly a year of exchange with the Special Assets / Recovery Group of BB&T in Roanoke Virginia and little to No response from them we are frustrated.  We have sent letters, emails, faxes and had phone conversations, only to get the same response; (sic) 'we are reviewing & will provide a written reply' (sic) To date, No Reply? So as not to burden you, I have enclosed only two pieces of correspondence of the many we sent and believe the earlier letter dated August 16, 2018 provides background and should give you an idea of the issue. The other, most recent dated April 30, 2019. We are asking if you or a staff member might intervene and help resolve?   Exhibit 6.

23. Via a letter dated 6-26-19, plaintiffs counsel's office wrote to defendants, stating: "We received your reply to our inquiry on June 22, 2019 in a letter dated April 26, 2019? First, the debt BB&T has recorded and attached to the Lien is 244,248.49, inherited in an Acquisition. BB&T, however issued two (2) 1099-C's totaling

Case 1:20-cv-03053-RMB-AMD  Document 16-9  Filed 07/13/20  Page 20 of 75 PageID: 191

Case 1:20-cv-03053  Document 1-2  Filed 03/19/20  Page 13 of 65 PageID: 19
GLO-L-000112-20  01/27/2020 12:25:24 PM  Pg 12 of 63  Trans ID: LCV2020177845

$398,855.60? We again enclose certain information about the IRS ruling change to code 6050P and now request BB&T please provide us all supporting details behind the debt. If you prefer we involve the IRS or your new partner, Sun Trust, we are happy to follow that course. Please let us know how you want to proceed." Exhibit 7.

24. By letter dated 12-2-19, the IRS informed plaintiffs that plaintiffs had a balance due of $59,269.46, reflecting the debt.  Exhibit 9.

**THE CFA'S APPLICATION TO THIS DISPUTE GENERALLY**

25. The allegations contained in the previous paragraphs are repeated as if fully set forth herein.

26. The CFA is a statute that is to be applied broadly given the statute's remedial purpose.[5]

27. Under the CFA, "(d) The term "person" as used in this act shall include any natural person or his legal representative, partnership, corporation, company, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or cestuis que trustent thereof;" N.J.S.A. 56:8-1(d).

28. Plaintiffs and defendants meet the definition of "person" as set forth in N.J.S.A. 56:8-1(d).

29. Under the CFA, "[t]he term "advertisement" shall include the attempt directly or indirectly by publication, dissemination, solicitation, indorsement or circulation or in any other way to induce directly or indirectly any person to enter or not enter

---

[5] *Lemelledo v. Beneficial Management Corp. of Am.*, 150 N.J. 255, 264 (1997);

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 21 of 75 PageID: 192
Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 14 of 65 PageID: 20
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 13 of 63 Trans ID: LCV2020177845

into any obligation or acquire any title or interest in any merchandise or to increase the consumption thereof or to make any loan;...." N.J.S.A. 56:8-1(a).

30. Under the CFA, "[t]he term "merchandise" shall include any objects, wares, goods, commodities, services or anything offered, directly or indirectly to the public for sale;...." N.J.S.A. 56:8-1(c).

31. Under the CFA, the term "sale" shall include any sale, rental or distribution, offer for sale, rental or distribution or attempt directly or indirectly to sell, rent or distribute. N.J.S.A. 56:8-1(e).

32. The sale of the loan constitutes a "sale" under the CFA and the CFA applies to the sale of credit and servicing or collection of same.[6]

33. Further, N.J.S.A. 56:8-2 states, in pertinent part: "The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice...." N.J.S.A. 56:8-2.

34. The CFA is designed to protect the public even when a merchant acts in good

---

*Blatterfein v. Larken Associates*, 323 N.J. Super. 167, 178 (App. Div. 1999).
[6] *Gonzalez v. Wilshire Credit Corp.*, 207 N.J. 557, 577-78 (2011) (citations omitted); *Associates Home Equity Servs. v. Troup*, 343 N.J. Super. 254, 278 (App. Div. 2001) (citing *Lemelledo v. Beneficial Mgmt. Corp. of Am.*, 150 N.J. 255, 265 (1997)); *see*

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 22 of 75 PageID: 193
Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 15 of 65 PageID: 21
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 14 of 63 Trans ID: LCV2020177845

faith.[7]

35. The New Jersey Supreme Court noted the important part played by the CFA, in regulating the sale of merchandise in New Jersey: "We need say little about the CFA, its history or its scope because, as it relates to the issue before us, we have sufficiently explained the statute and its essential purposes in our many earlier decisions. *See, e.g., Furst v. Einstein Moomjy, Inc.,* 182 *N.J.* 1, 11, 860 *A.*2d 435 (2004); *Cox v. Sears Roebuck & Co.,* 138 *N.J.* 2, 21, 647 *A.*2d 454 (1994). Indeed, we need only reiterate that it is broad remedial legislation enacted for the protection of consumers of a variety of goods and services, *see Thiedemann v. Mercedes-Benz USA, L.L.C.,* 183 *N.J.* 234, 245, 872 *A.*2d 783 (2005), and that its history has been marked by the 'constant expansion of consumer protection.' *Gennari v. Weichert Co. Realtors,* 148 *N.J.* 582, 604, 691 *A.*2d 350 (1997). Of particular significance to this matter, we note that over the years following the initial adoption of the CFA, the Legislature has repeatedly amended and expanded the reach of its provisions, often by adding sections to address particular areas of concern and to include them specifically within its protective sweep...."[8]

36. The CFA relates not only to any unconscionable practices relating to the initial sale or advertisement, but also to subsequent performance.[9]

---

also *D'Agostino v. Maldonado,* 216 N.J. 168, 186-87 (2013); *Fourte v. Countrywide Home Loans, Inc.,* No. 07-1363, 2009 WL 2998110 (D.N.J. Sept. 15, 2009).
[7] *Cox v. Sears,* 138 N.J. 2, 16 (1994).
[8] *Czar, Inc. v. Heath,* 198 N.J. 195 (2009).
[9] N.J.S.A. 56:8-2; *49 Prospect St. Tenants Ass'n v. Sheva Gardens,* 227 N.J. Super. 449, 466 (App. Div. 1988); *Dreier Co. v. Unitronix Corp., Inc.,* 218 N.J. Super. 260, 273 (App. Div. 1986).

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 23 of 75 PageID: 194

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 16 of 65 PageID: 22
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 15 of 63   Trans ID: LCV2020177845

37. Privity of contract is not a prerequisite to standing under the CFA.[10]

38. This is consistent with New Jersey law in the context of contract for the sale of goods. In Uniform Commercial Code actions, the absence of privity no longer bars a buyer from reaching through the chain of distribution to a product's manufacturer.[11]

### SECTION 2 CFA VIOLATIONS

39. Creditors such as defendants should not send borrowers such as plaintiffs a 1099-C form unless the debt is really canceled by defendants. If, after issuing a 1099-C form, creditors such as defendants fail to confirm for debtors such as plaintiffs that the debt is forgiven, they should rescind the 1099-C form. Otherwise, the unrescinded 1099-C form violates applicable federal regulations (e.g., 26 CFR Part 1; 26 U.S.C. § 6050P).

40. During the course of subsequent performance of the contract or otherwise, defendants improperly sent plaintiffs the form and via the thereafter refused to rescind the notice or to confirm that the debt was forgiven. This course of

---

[10.] *Truex v. Ocean Dodge, Inc.*, 219 N.J. Super. 44, 49 (App. Div. 1987); *see also Ramanadham v. N.J. Mfrs. Ins. Co.*, 188 N.J. Super. 30 (App. Div. 1982); *State v. Hudson Furniture Co.*, 165 N.J. Super. 516, 520 (App. Div. 1979); *Jefferson Loan Co., Inc. v. Session*, 397 N.J. Super. 520 (App. Div. 2008) (citing *49 Prospect St. Tenants Ass'n v. Sheva Gardens, Inc.*, 227 N.J. Super. 449, 456 (App. Div. 1988) and *Perth Amboy Iron Works, Inc. v. American Home Assurance Co.*, 226 N.J. Super. 200, 211 (App. Div. 1988), *aff'd*, 118 N.J. 249 (1990)); *Neveroski v. Blair*, 141 N.J. Super. 365, 376 (App. Div. 1976) ("There is no provision [in the CFA] that the claimant thereunder must have a direct contractual relationship with the seller of the product or service."), *superseded on other grounds by statute as explained by Arroyo v. Arnold-Baker & Assocs.*, 206 N.J. Super. 294 (Law Div. 1985)).

[11.] *Alloway v. General Marine Indus., L.P.*, 149 N.J. 620, 642-43 (1997); *see also Viking Yacht Co. v. Composites One LLC*, 496 F. Supp. 2d 462, 474 n.20 (D.N.J. 2007), *on reconsideration in part*, No. CIV.A. 05-538 (JEI), 2007 WL 2746713 (D.N.J. Sept. 18, 2007).

subsequent performance – issuing the form  (a 1099-C form) and thereafter the response letter via which defendants took the position that plaintiffs still owe defendants a substantial debt, failing to confirm for plaintiffs that the debt is forgiven and failing to rescind the 1099-C form – are affirmative acts in violation of Section 2.

41. For, that misconduct by defendants violated applicable federal regulations (e.g., 26 CFR Part 1; 26 U.S.C. § 6050P).

42. That misconduct supports the following section 2 affirmative act CFA violations:

- Committing a deception in the subsequent performance of the contract - conduct or an advertisement, that is misleading to an average consumer to the extent that it is capable of, and likely to, mislead an average consumer.  It is the capacity to mislead that is important. Therefore, it is irrelevant whether: (a) at a later time, the conduct or advertisement was capable of explanation to a more knowledgeable and inquisitive consumer; or (b) the conduct or advertisement actually misled or (c) the merchant acted in good faith.

- Committing a fraud in the subsequent performance of the contract as aforesaid - a perversion of the truth or misstatement or falsehood communicated to another and creating the possibility that the other party will be cheated.

- Committing a false pretense in the subsequent performance of the contract - an untruth, knowingly expressed by a wrongdoer.

- Committing a false promise in the subsequent performance of the contract - an untrue commitment or pledge, communicated to another person, to create the possibility that that other person will be misled.

- Committing an unconscionable commercial practice in the subsequent performance of the contract - an activity in the public marketplace which is basically unfair or unjust and which materially departs from standards of good faith, honesty in fact and fair dealing – i.e., conduct which speaks of factual dishonesty and unfair dealing.

43. The above examples provide ample evidence of the commission of one or more of the following affirmative acts: unconscionable commercial practice, deception, fraud, false pretense or false promise.

44. As to all of the above misconduct, the CFA permits a finding that it was violated without any showing of knowledge of falsity of the misrepresentation, an intent to deceive or even negligence.[12]

45. "The terms 'fraud,' 'false pretense,' 'false promise' and 'misrepresentation' have traditionally been defined in this State as requiring an awareness by the maker of the statement of its inaccuracy accompanied by an intent to mislead. However, in *Fenwick v. Kay Amer. Jeep, Inc.*, 72 *N.J.* 372, 377 (1977), the Supreme Court noted that 'the requirement that knowledge and intent be shown is limited to the concealment, suppression or omission of any material fact.' *See also, D'Ercole Sales, Inc. v. Fruehauf Corp.*, s*upra* at 22 (App. Div. 1985). Therefore, the definitions provided for these four terms do not require either intent or

---

[12] *Cox v. Sears*, 138 N.J. 2 (1994); *Byrne v. Weichert Realtors*, 290 N.J. Super. 126

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 26 of 75 PageID: 197

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 19 of 65 PageID: 25
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 18 of 63 Trans ID: LCV2020177845

knowledge."[13]

46. To the extent that substantial aggravating circumstances are necessary for any of the aforesaid CFA violations, all of the aforesaid misconduct amounted to substantial aggravating circumstances over and above a mere breach of contract and/or breach of warranty and therefore, said misconduct was sufficient to trigger one or more CFA violations.

47. In addition to the aforesaid misconduct referenced above, during the course of the transaction or during subsequent performance of obligations, defendants may have committed other types of CFA violations, such as failure to make other mandatory disclosures or the like – misconduct which may be uncovered during the course of discovery.

48. There is proof of an ascertainable loss of money or property under the CFA capable of being calculated within a reasonable degree of certainty and proximately caused by defendants' aforesaid fraudulent conduct, as evidenced by plaintiffs' owing a fraudulent debt.[14]

49. Where, as here, someone faces or expects to incur an out of pocket loss, such a loss equates with an ascertainable loss sufficient to support liability under the CFA.[15]

---

(App. Div. 1996); N.J.S.A. 56:8-2; N.J.S.A. 56:8-19.
[13] New Jersey Model Civil Jury Charge 4.43B.
[14] *Cox v. Sears Roebuck & Co.*, 138 *N.J.* 2, 21, 647 *A.*2d 454 (1994).
[15] See *Cox v. Sears Roebuck & Co.*, 138 N.J. 2 (1994); *Thiedemann v. Mercedes-Benz USA*, 183 N.J. 234 (2005). Under the CFA one does not need to actually incur the loss if they have an estimate thereof. *Thiedemann v. Mercedes-Benz USA*, 183 N.J. 234 (2005).

Page 18 of 35

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 27 of 75 PageID: 198
Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 20 of 65 PageID: 26
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 19 of 63 Trans ID: LCV2020177845

50. Plaintiffs are entitled to treble damages for defendants' aforesaid misconduct.[16]

51. Plaintiffs are also entitled to equitable relief in the form of a cancellation of the fraudulent debt and a judgment or order declaring defendants' conduct as illegal.[17]

### INDIVIDUAL LIABILITY FOR MISCONDUCT

52. As to any individual defendants, under the CFA, there is no need to pierce any corporate or company veil; the Court instead focuses on individual defendants' misconduct supporting CFA violations.

53. Therefore, assuming for argument's sake that the individual defendants named to this case operated via one or more valid corporations or companies, the corporate veil does not insulate corporate officers or employees or company managing members or employees from CFA liability.[18]

54. The corporate/company veil does not insulate corporate officers or company managing members or employees from liability for the commission of fraud or other misconduct.[19]

55. Likewise, relative to any cause of action pled in the complaint, under the participation theory of liability, individual defendants cannot escape liability via the corporate/company veil.[20]

56. Therefore, even if, for argument's sake, a corporate or company veil exists to allegedly shield individual defendants, those defendants face personal liability for

---

[16] N.J.S.A. 56:8-19.
[17] N.J.S.A. 56:8-19.
[18] *Allen v. V & A Bros.*, 208 N.J. 114 (2011).
[19] *Dep't of Envtl. Prot. v Ventron Corp.*, 94 N.J. 473 (1983).
[20] Saltiel v. GSI Consultants, Inc., 170 N.J. 297 (2002).

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 28 of 75 PageID: 199

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 21 of 65 PageID: 27
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 20 of 63   Trans ID: LCV2020177845

the aforesaid misconduct.

## TCCWNA'S APPLICATION TO THE CASE GENERALLY

57. The TCCWNA is a cumulative statute rather than an exclusive one: "The rights, remedies and prohibitions accorded by the provisions of this act are hereby declared to be in addition to and cumulative of any other right, remedy or prohibition accorded by common law, Federal law or statutes of this State, and nothing contained herein shall be construed to deny, abrogate or impair any such common law or statutory right, remedy or prohibition."[21]

58. The TCCWNA states, in pertinent part: "Consumer contract, warranty, notice or sign; violation of legal right of consumer or responsibility of seller, lessor, etc.; prohibition; exemptions[.]  No seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed. Consumer means any individual who buys, leases, borrows, or bails any money, property or service which is primarily for personal, family or household purposes…."[22]

59. TCCWNA also states, in relevant part: "N.J.S.A. 56:12-16 Provision for waiver of

---

[21] N.J.S.A. 56:12-18; *Shelton v. Restaurant.com, Inc.*, 214 N.J. 419, 427 (2013)(citing N.J.S.A. 56:12-18).
[22] N.J.S.A. 56:12-15.

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 29 of 75 PageID: 200

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 22 of 65 PageID: 28
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 21 of 63   Trans ID: LCV2020177845

rights under act; nullity; statement of provisions void, unenforceable or inapplicable in New Jersey[.]  No consumer contract, warranty, notice or sign, as provided for in this act, shall contain any provision by which the consumer waives his rights under this act. Any such provision shall be null and void. No consumer contract, notice or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey; provided, however, that this shall not apply to warranties."[23]

60. TCCWNA defines "consumer" as follows: "[c]onsumer means any individual who buys, leases, borrows, or bails any money, property or service which is primarily for personal, family or household purposes." [24]

61. Merchants liable for TCCWNA violations include "a seller, lessor, creditor, lender or bailee". [25]

62. The TCCWNA states, in pertinent part: "Any person who violates the provisions of this act shall be liable to the aggrieved consumer for a civil penalty of not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs. This may be recoverable by the consumer in a civil action in a court of competent jurisdiction or as part of a counterclaim by the consumer against the seller, lessor, creditor, lender or bailee or assignee of any of the aforesaid, who aggrieved him."[26]

---

[23] N.J.S.A. 56:12-16.
[24] N.J.S.A. 56:12-15.
[25] N.J.S.A. 56:12-15.
[26] N.J.S.A. 56:12-17; *Shelton v. Restaurant.com, Inc.*, 214 N.J. 419, 427 (2013)(citing N.J.S.A. 56:12-17).

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 30 of 75 PageID: 201
Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 23 of 65 PageID: 29
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 22 of 63   Trans ID: LCV2020177845

63. A TCCNWA claimant doesn't have to plead or prove that they suffered a loss of money or properly proximately caused by the harm; instead, they only need allege (and ultimately prove) that they suffered some form of harm: [27] "We do not, however, view that harm to be limited to injury compensable by monetary damages. The Legislature clearly envisioned that an 'aggrieved consumer' is not necessarily a consumer entitled to an award of damages; it provided for 'a civil penalty of not less than $100.00 or...actual damages, or both at the election of the consumer.' N.J.S.A. 56:12-17. The TCCWNA thus contemplates that a consumer may be entitled to a remedy notwithstanding the absence of proof of monetary damages.... a consumer may be "aggrieved" for purposes of N.J.S.A. 56:12-17 if he or she has suffered harm as a result of the defendant's inclusion of prohibited language in a contract or other writing even if that harm is not a basis for a damages award."

64. An aggrieved consumer might be one: [28]  (1) whose legal rights are invaded by an act complained of; (2) whose pecuniary interest is directly affected by a degree or judgment. (3) suffering loss or injury of some kind; (4) injuriously affected; (5) having a grievance or cause of grief; (6) grieving or feeling grief or aggravated; (7) troubled or distressed in spirit; (8) showing grief, injury or offense; or (9) suffering from an infringement or denial of legal rights.

65. Plaintiffs were buyers who purchased the loan from defendants' predecessor in interest who acted as a seller.

66. Defendants are the creditor and/or lender of plaintiffs.

---

[27] *Spade v. Select Comfort Corp.*, 232 N.J. 504, 523 (2018).

67. Plaintiffs purchased the loan primarily for personal, family or household purposes.

68. The loan is "property or service[s]...primarily for personal, family or household purposes." N.J.S.A. 56:12:16.

69. Therefore, plaintiffs are "consumers" as defined by N.J.S.A. 56:12-15, defendants are creditors or lenders as defined by N.J.S.A. 56:12-15 and the form and response letter are notices subject to the TCCWNA as defined by N.J.S.A. 56:12-15.

70. Given all of the above, the TCCWNA applies to the sale.[29]

71. Businesses can face liability for notices that affirmatively misstate obligations to consumers under state or federal law.[30]

### TCCWNA VIOLATIONS

72. This case involves section 15 TCCWNA violations, as follows.

73. Defendants violated section 15 by giving plaintiffs and/or plaintiffs' agent plaintiffs' counsel the form and the response letter which violate any clearly established legal right of a consumer or responsibility of a creditor or lender under federal law (e.g., 26 CFR Part 1; 26 U.S.C. § 6050P).

74. Therefore, defendants, as creditors or lenders in the course of defendants' business offered to plaintiffs - a consumer – and gave to plaintiffs a written notice after the effective date of TCCWNA which includes any provision that violates any clearly established legal right of a consumer or responsibility of a

---

[28] *Spade v. Select Comfort Corp.*, 232 N.J. 504, 522-523 (2018).
[29] "[T]he statute applies to more than merely contracts, but also to warranties, notices or signs." *DeHart v. US Bank, N.A.*, 811 F.Supp.2d 1038 (D.N.J., 2011).

seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed.

75. Plaintiffs are "aggrieved" consumers because plaintiffs face a significant outstanding debt that, per federal law, should be forgiven or discharged or voided or marked satisfied.

76. Accordingly, plaintiffs suffered harm from defendants' conduct of attempting to deceive and deprive plaintiffs of plaintiffs' legal rights, as well as harm in the form of the debt that defendants improperly claim remains outstanding.

77. Accordingly, pursuant to TCCWNA plaintiffs are consumers: (1) whose legal rights are invaded by an act complained of; or (2) whose pecuniary interest is directly affected by a degree or judgment; or (3) suffering loss or injury of some kind; (4) injuriously affected; (5) having a grievance or cause of grief;  or (6) grieving or feeling grief or aggravated; or (7) troubled or distressed in spirit; or (8) showing grief, injury or offense; or (9) suffering from an infringement or denial of legal rights. [31]

78. Therefore, defendants, while acting as a seller, lessor, creditor, lender or bailee in the course of defendants' business, offered to plaintiffs and entered into a written consumer contract and/or displayed a written consumer notice to plaintiffs after the effective date of the TCCWNA which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the

---

[30] *David Spade v. Select Comfort Corp.*, 232 N.J. 504 (2018).

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 33 of 75 PageID: 204
Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 26 of 65 PageID: 32
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 25 of 63   Trans ID: LCV2020177845

time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed.[32]

## COUNSELS' ROLE AS PRIVATE ATTORNEYS GENERAL

79. One or more statutes pled herein provide for fee shifting for parties hiring counsel and prevailing under said statutes.

80. Accordingly, the counsel bringing this case serves as a private attorney general.[33]

81. Otherwise, consumers pursuing claims under fee shifting states might incur potentially considerable expense for a potentially small recovery.[34]

## CLASS ACTION CERTIFICATION ALLEGATIONS

82. All paragraphs stated above are repeated as if set forth herein in full.

83. Plaintiffs bring this action pursuant to Rule 4:32 on behalf of plaintiffs and on behalf of the class members, with the class being composed of a class of all other New Jersey citizens similarly situated to plaintiffs and suffering similar harms.

84. Plaintiffs propose the following class: **New Jersey citizens who have received loans held by defendants that were the subject of judgments entered against those citizens and who received from defendants a 1099-C form regarding the judgment for a period of six (6) years up to the filing of the**

---

[31] *Spade v. Select Comfort Corp.*, 232 N.J. 504, 522-523 (2018).
[32] N.J.S.A. 56:12-15.
[33] See *Lemelledo v. Beneficial Mgmt. Corp. of Am.*, 150 N.J. 255, 268 (1997).
[34] See, e.g., *Skeer v. EMK Motors, Inc.*, 187 N.J. Super. 465, 470 (App. Div. 1982)(discussing fee shifting under the CFA; *Chattin v. Cape May Greene, Inc.*, 243 N.J. Super. 590, 610 (App. Div. 1990), aff'd o.b., 124 N.J. 520 (1992) (citing *Coleman v.*

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 34 of 75 PageID: 205

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 27 of 65 PageID: 33
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 26 of 63   Trans ID: LCV2020177845

**complaint.**

85. Defendants are in exclusive possession, custody and control of the list of persons who were class members in the prior case and any other cases.

86. While there may be other cases pending against defendants, upon information and belief, the proposed class members' claims in this matter don't overlap with those other pending cases.

87. It isn't the intent to have overlapping classes and any overlap will be ameliorated through amendment if facts show that they do overlap.

88. Defendants' actions are not isolated.

89. Defendants' actions have affected similarly situated individuals throughout the State of New Jersey.

90. Defendants acted on grounds generally applicable to the class members, thereby justifying relief against defendants for the class members as whole.

91. Plaintiffs are members of the class that they seek to represent.

92. The class is believed to number hundreds if not thousands of persons and their joinder is impracticable, except by via a class action.

93. The disposition of the claims of the class in a class action will benefit both the parties and the Court.

94. There are questions of law and/or fact common to the class predominating over any question affecting only individual class members as to whether defendants are liable to plaintiffs for violation of applicable law. For instance, are defendants liable for the class action claims pled in the complaint?

_Fiore Bros._, Inc., 113 N.J. 594, 598 (1989))(same); _Furst v. Einstein Moomjy_, 182 N.J. ,

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 35 of 75 PageID: 206
Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 28 of 65 PageID: 34
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 27 of 63   Trans ID: LCV2020177845

95. Class certification is also appropriate because defendants acted on grounds generally applicable to the class, making appropriate equitable injunctive relief with respect to plaintiffs and the class members.

96. Specifically, plaintiffs seek injunctive relief via a court judgment or order requiring an end to the unlawful practices and/or the issuance of a corrective or explanatory notice to the class members.

97. Plaintiffs' claims are typical of the claims of the class insofar as named class representatives and the members of the class were similarly exposed to the statutory harms alleged herein and were similarly injured and/or face similar risks therefrom.

98. The proposed class representatives state a claim upon which relief can be granted that is typical of the claims of absent class members.  If brought and prosecuted individually, the claims of each class member would necessarily require proof of the same material and substantive facts, rely upon the same remedial theories, and seek the same relief.

99. Plaintiffs will fairly and adequately represent the interests of the class insofar that the plaintiffs' claims are typical of those of the class members.

100. Plaintiffs are committed to the vigorous representation of the class members.

101. Plaintiffs retained counsel experienced and skilled in consumer law and class action litigation.

102. Counsel agreed to advance the costs of the litigation contingent upon the outcome.

---

21 (2004)(same).

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 36 of 75 PageID: 207

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 29 of 65 PageID: 35
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 28 of 63 Trans ID: LCV2020177845

103. Plaintiffs have no conflict of interest in the maintenance of this class action.

104. If the matter is maintained as a class action, it shall provide for a fair and efficient adjudication of this dispute.

105. The claims and remedial theories pursued by the named class representative are sufficiently aligned with the interests of absent class members to ensure that the individual claims of the class will be prosecuted with diligence and care by the individual plaintiffs as class representatives.

106. Contrawise, especially in view of the small dollar amounts in controversy relative to the individual plaintiffs' claims, it would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action.

107. Further, the maintenance of separate actions in lieu of the instant proposed class action would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications.

108. Contrawise, a single class action such as the instant proposed class action can determine the rights of all class members while economizing judicial resources.

109. Moreover, as plaintiffs invoked consumer protection statutes and have pled a prima facie case for the violation of same, the policy goals behind those consumer protection statutes provide further reason for permitting class action certification of the instant action.

110. The benefits of adjudicating this case via a class action far outweigh any difficulties in management of the case as a class action.

111. Class action treatment of this case is a superior method for the fair and efficient

adjudication of this dispute because:

- individual claims by the class members are impractical as the costs of pursuit far exceed what any one plaintiff or class member has at stake;

- as a result, there has been no other litigation over the controversies herein;

- individual members of the class have no interest in prosecuting and controlling separate actions; and

- the proposed class action is manageable.

- the proposed class is readily ascertainable.

112. Certification of the class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that the defendants acted on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole.

113. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that: (a) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member. (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

114. Class treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual lawsuits would entail.

115. Absent a class action, many members of the class will likely not even obtain

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 38 of 75 PageID: 209
Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 31 of 65 PageID: 37
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 30 of 63   Trans ID: LCV2020177845

relief, whether because they are unaware of their right to relief from the harm caused by defendants' illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise.

## COUNT 1

## SECTION 2 AFFIRMATIVE ACT CFA VIOLATIONS

## FOR PLAINTIFFS AND THE CLASS

## AGAINST DEFENDANTS AND THE DOES

## TREBLE DAMAGES

116. All paragraphs stated above are repeated as if set forth herein in full.

117. This count is pled on behalf of plaintiffs and the class against defendants and the does.

118. As discussed above, the CFA applies to the facts of this case.

119. As discussed above, defendants committed section 2 affirmative act CFA violations against plaintiffs.

120. As discussed above, plaintiffs' suffered an ascertainable loss of money or property proximately caused by the misconduct.

121. Pursuant to the CFA, plaintiffs seek statutory treble damages, attorney's fees and litigation costs.

122. As reflected in the certification submitted with the complaint filed in this case, plaintiffs complied with the requirements of N.J.S.A. 56:8-20, et seq.

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 39 of 75 PageID: 210

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 32 of 65 PageID: 38
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 31 of 63 Trans ID: LCV2020177845

## COUNT 2

## SECTION 2 AFFIRMATIVE ACT CFA VIOLATIONS

## FOR PLAINTIFFS AND THE CLASS

## AGAINST DEFENDANTS AND THE DOES

## EQUITABLE RELIEF

123. All paragraphs stated above are repeated as if set forth herein in full.

124. This count is pled on behalf of plaintiffs and the class against defendants and the does.

125. As discussed above, defendants committed section 2 affirmative act CFA violations against plaintiffs.

126. Plaintiffs seek an order or judgment awarding plaintiffs equitable relief cancelling the debt owed by plaintiffs and all judgments owed by the class, requiring defendants to cease the unlawful practices complained of and to require disclosure to the class regarding the true nature of the debts and their status (i.e., their inability to be collected).[35]

127. Pursuant to the CFA, plaintiffs also seek attorney's fees, litigation costs and other legal and equitable relief.

128. As reflected in the certification submitted with the complaint filed in this case, plaintiffs complied with the requirements of N.J.S.A. 56:8-20, et seq.

---

[35] See, e.g., *Kugler v. Haitian Tours, Inc.*, 120 N.J. Super. 260, 267 (Ch. Div. 1972); *Kugler v. Romain*, 58 N.J. 522, 545 (1971); *Kugler v. Koscot Interplanetary, Inc.*, 120 N.J. Super. 216, 226 (Ch. Div. 1972).

Case 1:20-cv-03053-RMB-AMD  Document 16-9  Filed 07/13/20  Page 40 of 75 PageID: 211

Case 1:20-cv-03053  Document 1-2  Filed 03/19/20  Page 33 of 65 PageID: 39
GLO-L-000112-20  01/27/2020 12:25:24 PM  Pg 32 of 63  Trans ID: LCV2020177845

## COUNT 3

## SECTION 15 TCCWNA VIOLATION FOR PLAINTIFFS AND THE CLASS
## AGAINST DEFENDANTS AND THE DOES

129. Plaintiffs repeat all of the allegations contained in the previous paragraphs as if fully set forth herein.

130. This count is pled on behalf of plaintiffs and the class against defendants and the does.

131. As stated more fully above, the TCCWNA applies to this case.

132. As stated more fully above, in violation of TCCWNA, defendants committed a violation of N.J.S.A. 56:12-15.

133. As stated more fully above, plaintiffs are aggrieved consumers because plaintiffs suffered harm due to defendants' TCCWNA violations.

134. Pursuant to TCCWNA, plaintiffs seek a civil penalty of not less than $100.00 and actual damages, together with reasonable attorney's fees and court costs, the termination/voiding of the contract. [36]

### PRAYER FOR RELIEF COMMON TO ALL COUNTS

**WHEREFORE**, judgment is demanded for: (1) all applicable damages – including any specific types of damages specifically pled in any of the above listed counts; (2) the remedies provided for under the common law and/or any state and/or federal statutes pled herein or applicable to this case including any mandated counsel fees and/or costs/expenses and any requested or otherwise applicable equitable relief; and (3) such other and further relief as the court shall deem equitable and just.

---

[36] N.J.S.A. 56:12-17

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 34 of 65 PageID: 40
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 33 of 63   Trans ID: LCV2020177845

### JURY DEMAND PURSUANT TO R. 4:35-1

Pursuant to R. 4:35-1, relative to all issues pled in the instant action that so triable, a trial by six (6) jurors is demanded.

### NOTICE PURSUANT TO R. 1:5-1(a) AND R. 4:17-4(c)

Take notice that, pursuant to R. 1:5-1(a) and R. 4:17-4(c), each party named in the complaint that serves or receives pleadings of any nature (including discovery requests) to or from any other party to the action is requested to forward copies of same along with any documents provided in answer or response thereto to LEWIS G. ADLER and take notice that this is a continuing demand.

### NOTICE PURSUANT TO R. 1:7-1(b)

PLEASE TAKE NOTICE that to the extent applicable to this case, at the time of closing argument it may be suggest to the trier of fact with the respect to any element of damages, that unliquidated damages be calculated on a time-unit basis, without reference to a specific sum.

### DEMAND PURSUANT TO RULE 4:10-2(B)

Pursuant to Rule 4:10-2(b), demand is made for the disclosure of whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment. Demand is made for true copies of those insurance agreements or policies, including but not limited to any and all declaration sheets. This demand includes a request for not only primary coverage insurance policies but also any and all excess, catastrophe and umbrella insurance policies.

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 42 of 75 PageID: 213

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 35 of 65 PageID: 41
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 34 of 63   Trans ID: LCV2020177845

**CERTIFICATION PURSUANT TO R. 4:5-1(2) and (3)**

Pursuant to R. 4:5-1(2) and (3), I hereby certify that:

1.  I am an attorney at law of the State of New Jersey.

2.  I am counsel for the party/parties offering this document for filing in this case and am personally familiar with the facts recited in this certification by my involvement in those facts.

3.  Upon my initial review of this matter, the matters in controversy in this action are not the subject of any other action pending in any other court or of a pending arbitration proceeding, that no other action or arbitration proceeding is currently contemplated and that I am unaware of any other parties who currently should be joined to this action.

4.  Confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

"I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment."

DATED: January 27, 2020                    /s/ LEWIS G. ADLER
                                            LEWIS G. ADLER

[REST OF PAGE INTENTIONALLY BLANK]

Case 1:20-cv-03053-RMB-AMD  Document 16-9  Filed 07/13/20  Page 43 of 75 PageID: 214
Case 1:20-cv-03053  Document 1-2  Filed 03/19/20  Page 36 of 65 PageID: 42
GLO-L-000112-20  01/27/2020 12:25:24 PM  Pg 35 of 63 Trans ID: LCV2020177845

## CERTIFICATION OF SERVICE PURSUANT TO

### N.J.S.A. 56:8-20 AND/OR N.J.A.C. 13:45A-26F.2 AND/OR N.J.S.A. 56:12-41

LEWIS G. ADLER hereby certifies to the Court as follows:

1. I am an attorney at law of the State of New Jersey.

2. I am counsel for the party/parties offering this document for filing in this case and am personally familiar with the facts recited in this certification by my involvement in those facts.

3. As required by N.J.S.A. 56:8-20 and/or N.J.S.A. 56:12-41 and/or N.J.A.C. 13:45A-26F.2, I hereby certify that on the below referenced date I caused a copy of the complaint to be served upon the following offices via first class United States Mail, postage prepaid:

| XX | Office of the Attorney General, Richard J. Hughes Justice Complex, P.O. Box 80, Trenton, NJ, 08625-0080. |
|----|----|
|    | Division of Consumer Affairs, Used Car Lemon Law Unit, P.O. Box 45026, 124 Halsey St., Newark, NJ 07101-5026. |

"I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment."

DATED:  January 27, 2020                 /s/ LEWIS G. ADLER
                                         LEWIS G. ADLER

Case 1:20-cv-03053-RMB-AMD    Document 16-9    Filed 07/13/20    Page 44 of 75 PageID: 215

Case 1:20-cv-03053    Document 1-2    Filed 03/19/20    Page 37 of 65 PageID: 43
GLO-L-000112-20   01/27/2020 12:25:24 PM  Pg 36 of 63 Trans ID: LCV2020177845

# COMPLAINT EXHIBIT 1

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 45 of 75 PageID: 216

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 38 of 65 PageID: 44
GLO-L-000112-20   01/27/2020 12:25:24 PM  Pg 37 of 63 Trans ID: LCV2020177845

 Branch Banking & Trust Company
101 N. Cherry Street, Suite 500
Winston-Salem, NC 27104

 **BB&T**

 JOHN GERICKE
248 HAMPSHIRE DRIVE
WOODBURY, NJ 08096

If you have questions contact:
BB&T Tax Information Line
Phone:    800-394-1470

CO01

## Instructions for Debtor

You received this form because a Federal Government agency or an applicable financial entity (a creditor) has discharged (cancelled or forgiven) a debt you owed, or because an identifiable event has occurred that either is or is deemed to be a discharge of a debt of $600 or more. If a creditor has discharged a debt you owed, you are required to include the discharged amount in your income, even if it is less than $600, on the "Other income" line of your Form 1040. However, you may not have to include all of the cancelled debt in your income. There are exceptions and exclusions, such as bankruptcy and insolvency. See Pub. 4681, available at IRS.gov, for more details. If an identifiable event has occurred but the debt has not actually been discharged, then include any discharged debt in your income in the year that it is actually discharged, unless an exception or exclusion applies to you in that year.

Debtor's taxpayer identification number (TIN). For your protection, this form may show only the last four digits of your TIN (social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN)). However, the creditor has reported your complete TIN to the IRS.

Account number. May show an account or other unique number the creditor assigned to distinguish your account.

Box 1. Shows the date the earliest identifiable event occurred or, at the creditor's discretion, the date of an actual discharge that occurred before an identifiable event. See the code in box 6.

Box 2. Shows the amount of debt either actually or deemed discharged. Note: If you don't agree with the amount, contact your creditor.

Box 3. Shows interest if included in the debt reported in box 2. See Pub. 4681 to see if you must include the interest in gross income.

Box 4. Shows a description of the debt. If box 7 is completed, box 4 also shows a description of the property.

Box 5. Shows whether you were personally liable for repayment of the debt when the debt was created or, if modified, at the time of the last modification. See Pub. 4681 for reporting instructions.

Box 6. Shows the reason your creditor has filed this form. The codes in this box are described in more detail in Pub. 4681. A - Bankruptcy; B - Other judicial debt relief; C - Statute of limitations or expiration of deficiency period; D - Foreclosure election; E - Debt relief from probate or similar proceeding; F - By agreement; G - Decision or policy to discontinue collection; or H - Other actual discharge before identifiable event.

Box 7. If, in the same calendar year, a foreclosure or abandonment of property occurred in connection with the cancellation of the debt, the fair market value (FMV) of the property will be shown, or you will receive a separate Form 1099-A. Generally, the gross foreclosure bid price is considered to be the FMV. For an abandonment or voluntary conveyance in lieu of foreclosure, the FMV is generally the appraised value of the property. You may have income or loss because of the acquisition or abandonment. See Pub. 4681 for information about foreclosures and abandonments. If the property was your main home, see Pub. 523 to figure any taxable gain or ordinary income.

Future developments. For the latest information about developments related to Form 1099-C and its instructions, such as legislation enacted after they were published, go to www.irs.gov/Form1099c.

| CORRECTED (if checked) | | | |
|---|---|---|---|
| CREDITOR'S name, street address, city or town, state or province, country, ZIP, or foreign postal code, and telephone no.<br>Branch Banking & Trust Company<br>101 N. Cherry Street, Suite 500<br>Winston-Salem, NC 27104 | **1** Date of identifiable event<br>01/10/2018 | OMB No. 1545-1424 | |
| | **2** Amount of debt discharged<br>$ 199,427.80 | 20**18** | Cancellation<br>of Debt |
| | **3** Interest if included in box 2<br>$ | Form 1099-C | |
| CREDITOR'S TIN ▓▓ ▓▓ ▓ | DEBTOR'S TIN ▓▓▓ ▓▓ ▓ | **4** Debt description<br>CONSUMER INSTALLMENT LOAN | Copy B<br>For Debtor |
| DEBTOR'S name, street address (including apt. no.), city or town, state or province, country, and ZIP or foreign postal code<br>JOHN GERICKE<br>248 HAMPSHIRE DRIVE<br>WOODBURY, NJ 08096 | | **5** If checked, the debtor was personally liable for repayment of the debt . . . . . . . . . . . . . ▶ [X] | This is important tax information and is being furnished to the IRS. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported. |
| Account number (see instructions)<br>Loan #: ▓▓▓▓▓▓▓ | | **6** Identifiable event code<br>G | **7** Fair market value of property<br>$ |
| Form 1099-C | (keep for your records) | www.irs.gov/Form1099c | Department of the Treasury - Internal Revenue Service |



6/13

8H9021 2.000
35822

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 46 of 75 PageID: 217

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 39 of 65 PageID: 45
GLO-L-000112-20   01/27/2020 12:25:24 PM  Pg 38 of 63 Trans ID: LCV2020177845

# COMPLAINT
# EXHIBIT 2

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 47 of 75 PageID: 218

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 40 of 65 PageID: 46
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 39 of 63 Trans ID: LCV2020177845

THE LAW OFFICES OF
**LEE M. PERLMAN**

1926 GREENTREE ROAD, SUITE 100, CHERRY HILL, NEW JERSEY 08003
Telephone (856) 751-4224, Facsimile (856) 751-4226
www.newjerseybankruptcy.com

LEE M. PERLMAN                    $BACK\ GROUND$                    MICHAEL ADLER♦

MARY CATHERINE DOHERTY✣
SYLVIA VARANO▣
CATHERINE FLETCHER✳
RENEE BARRY✳
KRISTEN IAROSSI✳
KATIE STAPLES✳
JOHN PREBICH◊
KRISTEN C.P. PERLMAN, M.B.A. +

✳ALSO ADMITTED IN PENNSYLVANIA
▣CERTIFIED BANKRUPTCY ASSISTANT
✣LEGAL ASSISTANT
+ FAIR CREDIT REPORTING COORDINATOR
◊FINANCIAL ANALYSIS

BURLINGTON COUNTY OFFICE:
137 High Street
Mt. Holly, NJ 08060

OCEAN COUNTY OFFICE:
230 Main Street
2ⁿᵈ Floor, Suite B
Toms River, NJ 08753

Via Email: daustin@bbandt.com;

August 16, 2018

Ms. Debbie Austin
Special Assets / Recovery
3119 Chaparral Drive
Roanoke Virginia, 24018        Ph:877+782+8460 & Fax: 540+774+1246

Dear Debbie:

I'm in touch on behalf of our client, John Gericke (ssn ▮▮▮▮▮▮▮) who lives at 248 Hampshire Drive in Deptford New Jersey, 08096.

This is a follow up to our phone conversation of this morning (08.16) and our discussion of a judgment No: J-062680-12 in the amount of $244,248.49 placed on record in March of 2012 by the Susquehanna Bank, the bank acquired 4 years ago by BB&T in 2014. This judgment was a "Gift" to BB&T as part of the acquisition.

You should know that Mr. Gericke is 73 years old and not in the best of health, he lost his beloved business (now out of business) and his financial livelihood; he now lives entirely on social security. He wants to "retain & remain" in his home to live happily ever after, without the threat of a "Lien".

You may recall, Mr. Gericke offered a one time $10K payment to release & remove the Lien & BB&T countered with $50K.

Debbie, in our phone conversation you said you would review a counteroffer which we now present as follows: Amount $25K, Terms and Conditions are BB&T provides Mr. Gericke a HELOC for $25K (home is collateral) 15 year amortization (15/2033) at 5% interest. Monthly payment of $200.00; principal $95.00 + interest $105.00. Additionally, BB&T could place equivalent life insurance on Mr. Gericke that would payoff the borrowing in full in the event of his death.

Our only other option is a Bankruptcy, which we continue to consider as a solution.

Due to the extenuating circumstances, we believe our offer to be reasonable, rational & fair.

We ask that BB&T please approve.

Thank You.

Very Truly Yours,

John Prebich

Please Consider: "Life is not measured by the number of Breaths you take, but by the moments that take your Breath away", (maya angelou) Help take someone's Breath away with an **Approval.** Thank You.

John Prebich, Financial Analyst
Law Offices of Lee M. Perlman
1926 GreenTree Rd. Suite 100
Cherry Hill New Jersey, 08003

Phone: 856+751+4224
Fax: 856+751+4226
Email:jprebich@newjerseybankruptcy.com
web: www.newjerseybankruptcy.com

11 /13

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 48 of 75 PageID: 219

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 41 of 65 PageID: 47
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 40 of 63 Trans ID: LCV2020177845

# COMPLAINT EXHIBIT 3

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 49 of 75 PageID: 220

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 42 of 65 PageID: 48
GLO-L-000112-20  01/27/2020 12:25:24 PM  Pg 41 of 63 Trans ID: LCV2020177845

THE LAW OFFICES OF
# LEE M. PERLMAN

1926 GREENTREE ROAD, SUITE 100, CHERRY HILL, NEW JERSEY 08003
Telephone (856) 751-4224, Facsimile (888) 635-5933
www.newjerseybankruptcy.com

LEE M. PERLMAN
AMY L. KNAPP
HEIDI R. SPIVAK•

MARY CATHERINE DOHERTY□                    BURLINGTON COUNTY OFFICE:
SYLVIA VARANO□                             137 High Street
CATHERINE FLETCHER*                        Mt. Holly, NJ 08060
RENEE BARRY*
KRISTEN IAROSSI*                           OCEAN COUNTY OFFICE:
JOHN PREBICH◊                              200 Main Street
KRISTEN C.P. PERLMAN, M.B.A. +             Toms River, NJ 08753

*ALSO ADMITTED IN PENNSYLVANIA
□CERTIFIED BANKRUPTCY ASSISTANT
*LEGAL ASSISTANT
◊ FAIR CREDIT REPORTING COORDINATOR
+FINANCIAL ANALYSIS

Via Email:attorneyvendor@bbandt.com;                    February 19, 2019

Special Assets Recovery
3119 Chaparral Drive
Roanoke Virginia, 24018

To Whom It May Concern:

I'm in touch on behalf of our client, John Gericke, (last 4 of ssn:▮▮▮▮) who lives at 248 Hampshire Drive
in Deptford New Jersey, 08096.

We were pleased to receive your 1099-C, finally forgiving the collateral debt you recorded in a judgment
numbered J-062680-12, that was placed on record in March of 2012 by the Susquehanna Bank; the Bank
you acquired 5 years ago in 2014.

We ask that you please notify us once you have released the Lien / Judgment as "Satisfied:.

Thank You Kindly.

                                                    Very Truly Yours,
                                                    John Prebich

Cc: L. Perlman
    m/m J. Gericke
    M. Evans, IRS

John Prebich,Financial Analyst        Phone: 856+751+4224
Law Offices of Lee M. Perlman         Fax: 856+751+4226
1926 GreenTree Rd. Suite 100          Email:jprebich@newjerseybankruptcy.com
Cherry Hill New Jersey, 08003         web: www.newjerseybankruptcy.com

4/13

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 50 of 75 PageID: 221

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 43 of 65 PageID: 49
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 42 of 63 Trans ID: LCV2020177845

# COMPLAINT
# EXHIBIT 4

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 51 of 75 PageID: 222

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 44 of 65 PageID: 50
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 43 of 63   Trans ID: LCV2020177845



**BB&T**

**Branch Banking and Trust Company**

Recovery Department
PO Box 1489
Lumberton, NC 28359-1489

April 26, 2019

Recd
06.22.19
SATURDAY

The Law Offices of Lee Perlman
1926 Greentree Road, Suite 100
Cherry Hill, NJ 08003

Re:  John Gericke (last 4 of SSN: ████)

Dear Attorney Prebich:

Thank you for your recent correspondence regarding the above-referenced client.  In your correspondence you stated that BB&T has not responded to previous attempts to settle this matter.  We have reviewed the account history and below are the results of our research.

We have worked over the last several years with multiple attorneys representing John Gericke in an effort to assist the client on satisfying the judgment and the liens attached to the client's property.  Our notes on the system indicate that we spoke with you on August 16, 2018 in regards to the client's settlement offer of $10,000.  We advised you that the offer was declined.  On October 11, 2018, you called our office with an offer of $25,000 to settle the account.  We advised that we would need the client's financials to review the offer.  On February 4, 2019, you called our office and asked that since BB&T issued a 1099-C if the debt has been forgiven.  Our representative advised that we reported the debt to the IRS but this required reporting did not void our judgment.  You stated that you would let the client know and you would follow up.

The client's 1099-C was filed in accordance with the IRS regulations (IRS code section 6050P) to report an unpaid debt as income.  The bank's filing of the 1099-C in compliance with IRS regulations does not release the client's judgment as it has not been settled or paid.

Sincerely,

Christian Wober
Senior Vice President
SA Recovery Manager

[-Restricted-]

2/13

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 52 of 75 PageID: 223

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 45 of 65 PageID: 51
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 44 of 63 Trans ID: LCV2020177845

# COMPLAINT EXHIBIT 5

Case 1:20-cv-03053-RMB-AMD    Document 16-9    Filed 07/13/20    Page 53 of 75 PageID: 224

Case 1:20-cv-03053    Document 1-2    Filed 03/19/20    Page 46 of 65 PageID: 52
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 46 of 63 Trans ID: LCV2020177845

THE LAW OFFICES OF

# LEE M. PERLMAN

1926 GREENTREE ROAD, SUITE 100, CHERRY HILL, NEW JERSEY 08003
Telephone (856) 751-4224, Facsimile (888) 635-5933
www.newjerseybankruptcy.com

LEE M. PERLMAN
AMY L. KNAPP
HEIDI R. SPIVAK∗

MARY CATHERINE DOHERTY▯                                    BURLINGTON COUNTY OFFICE:
SYLVIA VARANO▯                                             137 High Street
CATHERINE FLETCHER∗                                        Mt. Holly, NJ 08060
RENEE BARRY∗
KRISTEN IAROSSI∗
JOHN PREBICH◊                                              OCEAN COUNTY OFFICE:
KRISTEN C.P. PERLMAN, M.B.A. +                             200 Main Street
                                                          Toms River, NJ 08753
∗ALSO ADMITTED IN PENNSYLVANIA
◊CERTIFIED BANKRUPTCY ASSISTANT
▯LEGAL ASSISTANT
+ FAIR CREDIT REPORTING COORDINATOR
◊FINANCIAL ANALYSIS

Via Certified Mail Return Receipt Requested:                April 30, 2019
   7018 0680 0000 8481 5581

Special Assets Recovery
3119 Chaparral Drive
Roanoke Virginia, 24018

To Whom It May Concern:

I'm in touch on behalf of our client, John Gericke, last 4 of ssn: ▮▮▮▮ who lives at 248
Hampshire Drive in Deptford New Jersey, 08096. We are in touch again about your 1099-C
issued for a Cancellation of debt, identified as "G" decision or policy to discontinue collection.
Further we provide again a copy of the rule change.

The rule change confirms the debt should be gone for good. Yet today (04/30) when we called
for status, we were advised the debt would Not be discharged or the Lien removed and marked
satisfied until the year 2032?

Please see the enclosed two (2) 1099-c's and info on the rule change. You should also know that
we have been discussing this with BB&T since August of 2018, to no avail and lack of response
from BB&T. Each time we call we are told BB&T is preparing a written reply?

We are now, again asking that we receive a reply on when you will resolve this, before we
escalate to the next level.

Thank You.                                                Very Truly Yours,

                                                          John Prebich

Cc: enclosure

John Prebich, Financial Analyst          Phone: 856+751+4224
Law Offices of Lee M. Perlman            Fax: 856+751+4226
1926 GreenTree Rd. Suite 100             Email: jprebich@newjerseybankruptcy.com
Cherry Hill New Jersey, 08003            web: www.newjerseybankruptcy.com

3/13

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 54 of 75 PageID: 225

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 47 of 65 PageID: 53
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 46 of 63   Trans ID: LCV2020179845


Branch Banking & Trust Company
101 N. Cherry Street, Suite 500
Winston-Salem, NC 27104



BARBARA GERICKE
248 HAMPSHIRE DRIVE
WOODBURY, NJ 08096

If you have questions contact:
BB&T Tax Information Line
Phone:     800-394-1470

CO01

## Instructions for Debtor

You received this form because a Federal Government agency or an applicable financial entity (a creditor) has discharged (canceled or forgiven) a debt you owed, or because an identifiable event had occurred that either is or is deemed to be a discharge of a debt of $600 or more. If a creditor has discharged a debt you owed, you are required to include the discharged amount in your income, even if it is less than $600, on the "Other Income" line of your Form 1040. However, you may not have to include all of the canceled debt in your income. There are exceptions and exclusions, such as bankruptcy and insolvency. See Pub. 4681, available at IRS.gov, for more details. If an identifiable event has occurred but the debt has not actually been discharged, then include any discharged debt in your income in the year that it is actually discharged, unless an exception or exclusion applies to you in that year.

Debtor's taxpayer identification number (TIN). For your protection, this form may show only the last four digits of your TIN (social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN)). However, the creditor has reported your complete TIN to the IRS.

Amount number. May show an account or other unique number the creditor assigned to distinguish your account.

Box 1. Shows the date the earliest identifiable event occurred or, at the creditor's discretion, the date of an actual discharge that occurred before an identifiable event. See the code in box 6.

Box 2. Shows the amount of debt either actually or deemed discharged. Note: If you don't agree with the amount, contact your creditor.

Box 3. Shows interest if included in the debt reported in box 2. See Pub. 4681 to see if you must include the interest in gross income.

Box 4. Shows a description of the debt. If box 7 is completed, box 4 also shows a description of the property.

Box 5. Shows whether you were personally liable for repayment of the debt when the debt was created or, if modified, at the time of the last modification. See Pub. 4681 for reporting instructions.

Box 6. Shows the reason your creditor has filed this form. The codes in this box are described in more detail in Pub. 4681.   A - Bankruptcy; B - Other judicial debt relief; C - Statute of limitations or expiration of deficiency period; D - Foreclosure election; E - Debt relief from probate or similar proceeding; F - By agreement; G - Decision or policy to discontinue collection; or H - Other actual discharge before identifiable event.

Box 7. If, in the same calendar year, a foreclosure or abandonment of property occurred in connection with the cancellation of the debt, the fair market value (FMV) of the property will be shown, or you will receive a separate Form 1099-A. Generally, the gross foreclosure bid price is considered to be the FMV. For an abandonment or voluntary conveyance in lieu of foreclosure, the FMV is generally the appraised value of the property. You may have income or loss because of the acquisition or abandonment. See Pub. 4681 for information about foreclosures and abandonments. If the property was your main home, see Pub. 523 to figure any taxable gain or ordinary income.

Future developments. For the latest information about developments related to Form 1099-C and its instructions, such as legislation enacted after they were published, go to www.irs.gov/Form1099c.

☐ CORRECTED (if checked)

| CREDITOR'S name, street address, city or town, state or province, country, ZIP, or foreign postal code, and telephone no. Branch Banking & Trust Company 101 N. Cherry Street, Suite 500 Winston-Salem, NC 27104 | 1 Date of identifiable event 01/10/2018 | OMB No. 1545-1424 20**18** Form **1099-C** | Cancellation of Debt |
|---|---|---|---|
| | 2 Amount of debt discharged $   199,427.80 | | |
| | 3 Interest if included in box 2 | | |
| CREDITOR'S TIN | DEBTOR'S TIN ***-**- | 4 Debt description CONSUMER INSTALLMENT LOAN | Copy B For Debtor |
| DEBTOR'S name, street address (including apt. no.), city or town, state or province, country, and ZIP or foreign postal code BARBARA GERICKE 248 HAMPSHIRE DRIVE WOODBURY, NJ 08096 | | | This is important tax information and is being furnished to the IRS. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported. |
| | | 5 If checked, the debtor was personally liable for repayment of the debt . . . . . . . . . . . ► [X] | |
| Account number (see instructions) Loan #: | | 6 Identifiable event code     G | 7 Fair market value of property $ |
| Form 1099-C | (keep for your records) | www.irs.gov/Form1099c | Department of the Treasury - Internal Revenue Service |

DECISION OR POLICY TO DISCONTINUE COLLECTION

5/13

BHB027 2.000
35830

Case 1:20-cv-03053-RMB-AMD Document 16-9 Filed 07/13/20 Page 55 of 75 PageID: 226

Case 1:20-cv-03053 Document 1-2 Filed 03/19/20 Page 48 of 65 PageID: 54
GLO-L-000112-20 01/27/2020 12:25:24 PM Pg 47 of 63 Trans ID: LCV2020177645

(https://www.creditcards.com/)

Fine print (https://blogs.creditcards.com/category/fine-print), Living with credit
(https://blogs.creditcards.com/category/living-with-credit), Protecting yourself
(https://blogs.creditcards.com/category/protecting-yourself), Research, regulation, industry reports
(https://blogs.creditcards.com/category/research-regulation-industry-reports)

# 1099-C rule change is good news for debtors



By Fred Williams (https://blogs.creditcards.com/author/fredw)
January 27, 2017

1099-c (https://blogs.creditcards.com/tag/1099-c)    debt (https://blogs.creditcards.com/tag/debt)

taxes (https://blogs.creditcards.com/tag/taxes)



This tax season, there's good news for people struggling with debt. Under a new IRS rule, people
will no longer be squeezed for taxes just because an old debt has gone unpaid.

Before coming to that, however, some bad news: Borrowers still owe taxes on extinguished,
canceled or "forgiven" debt. The classic case of forgiven debt is when a taxpayer settles a debt by
paying less than the full amount due. For example, if you settle a $3,000 credit card balance by
agreeing to pay half, you'll owe taxes on $1,500 of "forgiven" debt. (That's unless you are bankrupt
or meet another exemption (http://www.creditcards.com/credit-card-news/six-exceptions-
paying-tax-forgiven-debt-1282.php).)

7/13

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 56 of 75 PageID: 227

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 49 of 65 PageID: 55
GLO-L-000112-20  01/27/2020 12:25:24 PM  Pg 48 of 63 Trans ID: LCV2020179845

The number of forgiven debt filings, called "1099-C" forms, has soared since the Great Recession as creditors wrote off additional/unnecessary debt write-off," said Eric Green, a tax attorney in Connecticut. Creditors report a debt as extinguished so they can claim it as a loss on their own taxes.

For consumers in a tough spot financially, the tax bill on forgiven debt is a bitter pill. Usually, the debt is only partly made up of money they actually borrowed and spent. "Banks won't tell you how much of it is fees," says accountant Gary Bode. "And frankly a lot of it is fees – they can really jack that up."

Nevertheless, the unpaid fees and interest count as income, for tax purposes, even though it never went into your pocket.

And it gets worse. Many people received notices of forgiven debt for loans that had not been forgiven at all – they were just old. Under a controversial IRS rule, creditors were supposed to send 1099-C forms for debts that had gone without any repayment for a 36-month period. The theory was, these debts were unlikely to be repaid.

"The danger here is, if there is any room for a creditor to continue normal collection activity after issuing a 1099-C, that really puts people at risk," said Bruce McClary, vice president of communications for the National Foundation for Credit Counseling.

In fact, the 36-month rule did cause people to get dunned for debts that were not extinguished, the Taxpayer Advocate Service said in a report to Congress. The service, an office within the IRS, cited the practice as a top problem for taxpayers. Debt collectors could even use the 1099-C form as leverage against debtors, the report said.

"Creditors may threaten to 'sic' the U.S. government' on a debtor by issuing a Form 1099-C as a means of pressuring a debtor to pay," the advocate's report (https://www.irs.gov/pub/irs-utl/vol_1_msp_6_15_taxpayerrights.pdf) said.

This is where the good news comes in: The IRS has dropped the 36-month rule. This tax season, creditors should not send you a 1099-C form unless the debt is really canceled, extinguished, forgiven, and gone for good.

Not everyone has read the memo, however. The rule change, effective immediately, was published in the Federal Register Nov. 10, 2016. It was subsequently announced in Internal Revenue Bulletin 2016-48 on Nov. 28. But not all the tax lawyers I spoke to this week had heard of the change. Chances are that some creditors are not on board yet either.

8/13

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 57 of 75 PageID: 228

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 50 of 65 PageID: 56
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 49 of 63   Trans ID: LCV2020177845

So this tax season, taxpayers with unpaid debts in their past still need to be vigilant about unforgiven debt. For unforgiven debts and how the credit card (https://www.creditcards.com). If a 1099-C arrives for which you did not explicitly settle the debt, contact the creditor and get clarification. If they cite the 36-month rule, refer them to IRS Bulletin 2016-48 (https://www.irs.gov/irb/2016-48_IRB/ar06.html), "Removal of the 36-month nonpayment Testing Period Rule."

If the creditor does not confirm that the debt is forgiven, they should rescind the 1099-C. If they don't, you'll need to use the IRS dispute process. "That's pretty involved," McClary said, and includes attaching a written statement to the tax return. It may require the help of a tax professional.

But it's worth it not to pay income taxes on a debt that's still hanging over your head.

See related: 1099-C form brings surprise: IRS taxes forgiven debt (http://www.creditcards.com/credit-card-news/forgiven-debt-1099C-income-tax-3513.php)

◄ (https://blogs.creditcards.com/2017/01/are-millennials-really-shunning-credit-cards.php)
**Previous Post (https://blogs.creditcards.com/2017/01/are-millennials-really-shunning-credit-cards.php)**

► (https://blogs.creditcards.com/2017/01/fantastic-credit-advice-youre-not-following.php)
**Next Post (https://blogs.creditcards.com/2017/01/fant credit-advice-youre-not-following.php)**

JOIN THE DISCUSSION

We encourage an active and insightful conversation among our users. Please help us keep our community civil and respectful. For your safety, we ask that you do not disclose confidential or personal information such as your bank account numbers, social security numbers, etc. Keep in mind that anything you post may be disclosed, published, transmitted or reused.

The editorial content on CreditCards.com (http://CreditCards.com) is not sponsored by any bank or credit card issuer. The journalists in the editorial department are separate from the company's business operations. The comments posted below are not provided, reviewed or approved by any company mentioned in our editorial content. Additionally, any companies mentioned in the content do not assume responsibility to ensure that all posts and/or questions are answered.

9/13

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

OFFICIAL USE

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postmark
Here

Postage   6.80

Total Postage and Fees
$

Sent To   BB&T Special Assets Recovery
Street and Apt. No., or PO Box No.   3119 CHAPARRAL Drive
City, State, ZIP+4®   Roanoke VA   24018

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7018 0680 0000 8481 5581

Apri2 30
correspondence

SENT

Rec'd

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BB&T
Special Assets Recovery
3119 Chaparral Drive
Roanoke Virginia 24018

9590 9402 2553 6306 3368 80

2. Article Number (Transfer from service label)
7018 0680 0000 8481 5581

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X A. Midkiff   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Andrea Midkiff   5/3/19

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

Rec'd 05-07-19

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Rec'd

13/13

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 59 of 75 PageID: 230

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 52 of 65 PageID: 58
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 51 of 63 Trans ID: LCV2020177845

# COMPLAINT
# EXHIBIT 6

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 60 of 75 PageID: 231

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 53 of 65 PageID: 59
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 52 of 63   Trans ID: LCV2020177845

THE LAW OFFICES OF
# LEE M. PERLMAN

1926 GREENTREE ROAD, SUITE 100, CHERRY HILL, NEW JERSEY 08003
Telephone (856) 751-4224, Facsimile (888) 635-5933
www.newjerseybankruptcy.com

LEE M. PERLMAN
AMY L. KNAPP
HEIDI R. SPIVAK•

---

MARY CATHERINE DOHERTY□
SYLVIA VARANO◊
CATHERINE FLETCHER*
RENEE BARRY*
KRISTEN IAROSSI*
JOHN PREBICH◊
KRISTEN C.P. PERLMAN, M.B.A.+

•ALSO ADMITTED IN PENNSYLVANIA
◊CERTIFIED BANKRUPTCY ASSISTANT
*LEGAL ASSISTANT
+ FAIR CREDIT REPORTING COORDINATOR
◊FINANCIAL ANALYSIS

BURLINGTON COUNTY OFFICE:
137 High Street
Mt. Holly, NJ 08060

OCEAN COUNTY OFFICE:
200 Main Street
Toms River, NJ 08753

Via Fax: 336+733+2314                          June 03, 2019

B B & T Bank
Mr. Christopher L. Henson
President & Chief Operating Officer
200 West 2nd Street
Winston – Salem, North Carolina, 27101

Dear Mr. Henson:

First, apologies for imposing on you and please accept my intrusion as being from one executive to another in need of help. I'm in touch on behalf of our client, John Gericke, who lives at 248 Hampshire Drive in Deptford New Jersey, 08096.

We have a problem and after roughly a year of exchange with the Special Assets / Recovery Group of BB&T in Roanoke Virginia and little to No response from them we are frustrated. W e have sent letters, emails, faxes and had phone conversations, only to get the same response; "   e are reviewing & will provide a written reply" To date, No Reply?

So as not to burden you, I have enclosed only two pieces of correspondence of the many we s nt and believe the earlier letter dated August 16, 2018 provides background and should give you an idea of the issue. The other, most recent dated April 30, 2019.

We are asking if you or a staff member might intervene and help resolve?

Thank You.

                                              Very Truly Yours,

                                              John Prebich

Cc: enclosure

John Prebich, Financial Analyst        Phone: 856+751+4224
Law Offices of Lee M. Perlman          Fax: 856+751+4226
1926 GreenTree Rd. Suite 100           Email: jprebich@newjerseybankruptcy.com
Cherry Hill New Jersey, 08003          web: www.newjerseybankruptcy.com

10/13

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 61 of 75 PageID: 232

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 54 of 65 PageID: 60
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 53 of 63 Trans ID: LCV2020177845

# COMPLAINT
# EXHIBIT 7

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 62 of 75 PageID: 233

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 55 of 65 PageID: 61
GLO-L-000112-20  01/27/2020 12:25:24 PM  Pg 54 of 63  Trans ID: LCV2020174845

THE LAW OFFICES OF

# LEE M. PERLMAN

1926 GREENTREE ROAD, SUITE 100, CHERRY HILL, NEW JERSEY 08003
Telephone (856) 751-4224, Facsimile (888) 635-5933
www.newjerseybankruptcy.com

LEE M. PERLMAN
AMY L. KNAPP
HEIDI R. SPIVAK•

MARY CATHERINE DOHERTY□                                    BURLINGTON COUNTY OFFICE:
SYLVIA VARANO‡                                                  137 High Street
CATHERINE FLETCHER*                                         Mt. Holly, NJ 08060
RENEE BARRY*
KRISTEN IAROSSI*
JOHN PREBICH◊                                              OCEAN COUNTY OFFICE:
KRISTEN C.P. PERLMAN, M.B.A.+                                   200 Main Street
                                                            Toms River, NJ 08753
*ALSO ADMITTED IN PENNSYLVANIA
§ CERTIFIED BANKRUPTCY ASSISTANT
†LEGAL ASSISTANT
• FAIR CREDIT REPORTING COORDINATOR
◊FINANCIAL ANALYST

Mr. Christian Wober                                    ⟨June 26, 2019⟩
Branch Banking & Trust Company
Senior Vice President                                  07/03 = 1 wk
Special Assets Recovery
PO Box 1489                                            07/10 = 2 wks
Lumberton North Carolina, 28359+1489
                                                       07/17 = 3 wks
Dear Mr. Wober,                                        07/24 = 4 wks
We received your reply to our inquiry on June 22,2019 in a letter dated April 26, 2019?
                                                       07/31    5 wks
First, the debt BB&T has recorded and attached to the Lien is $244,248.49, inherited in an
Acquisition. BB&T, however issued two (2) 1099-C's totaling $398,855.60?

We again enclose certain information about the IRS ruling change to code 6050P and now
request BB&T please provide us all supporting details behind the debt. If you prefer we involve
the IRS or your new partner, Sun Trust, we are happy to follow that course.

Please let us know how you want to proceed.

Thank You.                                             Very Truly Yours,

                                                       John Prebich

Cc: enclosure w/copy to Christopher Henson
Winston Salem

John Prebich,Financial Analyst           Phone: 856+751+4224
Law Offices of Lee M. Perlman            Fax: 856+751+4226
1926 GreenTree Rd. Suite 100             Email:jprebich@newjerseybankruptcy.com
Cherry Hill New Jersey, 08003            web: www.newjerseybankruptcy.com

                                                                    1/13

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 63 of 75 PageID: 234

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 56 of 65 PageID: 62
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 55 of 63 Trans ID: LCV2020177845

# COMPLAINT
# EXHIBIT 8

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 64 of 75 PageID: 235

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 57 of 65 PageID: 63
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 56 of 63 Trans ID: LCV2020177845

THE LAW OFFICES OF
# LEE M. PERLMAN

1926 GREENTREE ROAD, SUITE 100, CHERRY HILL, NEW JERSEY 08003
Telephone (856) 751-4224, Facsimile (856) 751-4226
www.newjerseybankruptcy.com

LEE M. PERLMAN
AMY L. KNAPP

MICHAEL ADLER•

MARY CATHERINE DOHERTY▲
SYLVIA VARANO▲
CATHERINE FLETCHER◆
RENEE BARRY•
KRISTEN IAROSSI•
JOHN PREBICH◆
KRISTEN C.P. PERLMAN, M.B.A. +

BURLINGTON COUNTY OFFICE:
137 High Street
Mt. Holly, NJ 08060

OCEAN COUNTY OFFICE:
230 Main Street
2nd Floor, Suite B
Toms River, NJ 08753

* SENIOR LEGAL ASSISTANT
◆ PARALEGAL/LEGAL ASSISTANT
▲ LAW OFFICE MANAGER / PARALEGAL
+ FINANCIAL ANALYST

## VIA FIRST CLASS MAIL

PLEASE REPLY TO:
CHERRY HILL OFFICE


## <u>CASH RECEIPT</u>


CLIENT NAME: John Gericke


DATE PAID: 7/31/18


AMOUNT PAID: $1,000 cash


_____
PARALEGAL / ATTORNEY


_____
CLIENT

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 65 of 75 PageID: 236

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 58 of 65 PageID: 64
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 57 of 63 Trans ID: LCV2020177845

# COMPLAINT
# EXHIBIT 9

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 66 of 75 PageID: 237

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 59 of 65 PageID: 65
GLO-L-000112-20   01/27/2020 12:25:24 PM  Pg 58 of 63 Trans ID: LCV2020177845





Department of the Treasury
Internal Revenue Service
Fresno, CA 93888-0025

| Notice | CP14 |
|---|---|
| Tax Year | 2018 |
| Notice date | December 2, 2019 |
| Social Security number | |
| To contact us | 800-829-0922 |
| Your Caller ID | 627088 |
| Page 1 of 6 | 9H |

226907.208536.225782.9689 1 AB 0.412 954



JOHN & BARBARA GERICKE
248 HAMPSHIRE DR
DEPTFORD NJ 08096-4205

226907

You have a balance due for 2018

# Amount due: $59,269.46

Our records show you have unpaid taxes and/or
penalties and interest on your December 31,
2018 Form 1040.

If you already have an installment or payment
agreement in place for this tax year, then
continue with that agreement.

### Billing Summary

| | |
|---|---|
| Tax you owed | $51,381.00 |
| Payments and credits | -6,245.00 |
| Failure-to-file penalty | 10,155.60 |
| Failure to pay proper estimated tax penalty | 276.00 |
| Failure-to-pay penalty | 1,805.44 |
| Interest charges | 1,896.42 |
| **Amount due by December 23, 2019** | **$59,269.46** |

Continued on back...



IRS

JOHN & BARBARA GERICKE
248 HAMPSHIRE DR
DEPTFORD NJ 08096-4205

| Notice | CP14 |
|---|---|
| Notice date | December 2, 2019 |
| Social Security number | |



# Payment

- Make your check or money order payable to the United States Treasury.
- Write your social security number (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), the tax year (2018), and the form
  number (1040) on your payment and any correspondence.

**Amount due by December 23, 2019**

$59,269.46

INTERNAL REVENUE SERVICE
FRESNO, CA 93888-0419

179341697 VN GERI 30 0 201812 670 00005926946

1/6



| Notice | CP14 |
|---|---|
| Tax Year | 2018 |
| Notice date | December 2, 2019 |
| Social Security number | |
| Page 2 of 6 | 9H |

**What you need to know**

If you are a debtor in a bankruptcy case, this notice is for your information only and is not intended to seek payment outside of the bankruptcy process of taxes due before you filed your petition. You will not receive another notice of the balance due while the automatic stay remains in effect.

**What you need to do immediately**

If you agree with the amount due and you're not working with an IRS representative

- Pay the amount due of $59,269.46 by December 23, 2019, to avoid additional penalty and interest charges.
- Pay online or mail a check or money order with the attached payment stub. **You can pay online now at www.irs.gov/payments.**

If you disagree with the amount due

Call us at 800-829-0922 to review your account with a representative. Be sure to have your account information available when you call.

We'll assume you agree with the information in this notice if we don't hear from you.

**Payment options**

**Pay electronically**

We offer secure payment options so you can pay online, by phone, or using your mobile device and the IRS2Go app. You can pay from your bank account free of charge or by debit or credit card for a fee charged by the card processors, not the IRS. Visit irs.gov/payments to view all your options.

**Set up a payment plan**

If you can't pay the full amount you owe, pay as much as you can now and make arrangements with us to pay over an extended time. You may be able to set up a payment plan including an installment agreement. Visit irs.gov/opa to apply.

2/6

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 68 of 75 PageID: 239

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 61 of 65 PageID: 67
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 60 of 63   Trans ID: LCV2020177845



| Notice | CP14 |
|---|---|
| Tax Year | 2018 |
| Notice date | December 2, 2019 |
| Social Security number | |
| Page 3 of 6 | 9H |

## Payment options – continued

### Consider an offer in compromise

An offer in compromise allows you to settle your tax debt for less than the full amount you owe. You can use the Offer in Compromise Pre-Qualifier tool at Irs.gov/oic to see if you qualify and calculate a preliminary offer amount. Visit Irs.gov/payments/offer-in-compromise for more information about this program.

### View your account information

You can access your account online to view your amount owed, make a payment, review your payment history, get a transcript of your tax records, and view key return information from your most recent tax year as originally filed. Visit Irs.gov/account to view your account online.

## If we don't hear from you

Pay $59,269.46 by December 23, 2019, to avoid penalty and interest charges.

## Penalties

We are required by law to charge any applicable penalties.

### Failure-to-file

| Date received | Months late | Unpaid amount | Penalty rate | Amount |
|---|---|---|---|---|
| 09/15/2019 | 05 | $45,136.00 | 4.50% | $10,155.60 |
| **Total failure-to-file** | | | | **$10,155.60** |

We assess a 5% monthly penalty for filing your return late for each month or part of a month the return is late, for up to 5 months. When a penalty for paying late applies for the same month, the amount of the penalty for filing late for that month is reduced by the amount of the penalty for paying late for that month. The penalty for paying late is 1/2% for each month or part of a month. We base the monthly penalty for filing late on the tax required to be shown on the return that you didn't pay by the original return due date, without regard to extensions. We base the monthly penalty for paying late on the net unpaid tax at the beginning of each penalty month following the payment due date for that tax. When an income tax return is more than 60 days late, the minimum penalty is $210 or 100% of the tax required to be shown on the return that you didn't pay on time, whichever is less.
(Internal Revenue Code section 6651)

Note: The penalty amount shown here may differ from the amount shown on Page 1. The computation shown here may include late payment penalty on amounts due before the adjustment.

3/6

Continued on back...



| Notice | CP14 |
|---|---|
| Tax Year | 2018 |
| Notice date | December 2, 2019 |
| Social Security number | |
| Page 4 of 6 | 9H |

## Failure to pay proper estimated tax

| Description | Amount |
|---|---|
| Total failure to pay proper estimated tax | $276.00 |

When you don't pay enough taxes due for the year with your quarterly estimated tax payments, we charge a penalty for not properly estimating your tax. For information about estimated tax requirements, download Instructions for Form 2210 or Tax Withholding and Estimated Tax (Publication 505) from www.irs.gov or call us for a copy. (Internal Revenue Code section 6654)

Note: The penalty amount shown here may differ from the amount shown on Page 1. The computation shown here may include late payment penalty on amounts due before the adjustment.

## Failure-to-pay

| Date received | Months late | Unpaid amount | Penalty rate | Amount |
|---|---|---|---|---|
| 12/15/2019 | 08 | $45,136.00 | .0.50% | $1,805.44 |
| Total failure-to-pay | | | | $1,805.44 |

We assess a 1/2% monthly penalty for not paying the tax you owe by the due date. We base the monthly penalty for paying late on the net unpaid tax at the beginning of each penalty month following the payment due date for that tax. This penalty applies even if you filed the return on time. We charge the penalty for each month or part of a month the payment is late; however, the penalty can't be more than 25% in total.
- The due date for payment of the tax shown on a return generally is the return due date, without regard to extensions.
- The due date for paying increases in tax is within 21 days of the date of our notice demanding payment (10 business days if the amount in the notice is $100,000 or more).

If we issue a Notice of Intent to Levy and you don't pay the balance due within 10 days of the date of the notice, the penalty for paying late increases to 1% per month. For individuals who filed on time, the penalty decreases to 1/4% per month while an approved installment agreement with the IRS is in effect for payment of that tax. (Internal Revenue Code section 6651)

Note: The penalty amount shown here may differ from the amount shown on Page 1. The computation shown here may include late payment penalty on amounts due before the adjustment.





4/6

GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 62 of 63 Trans ID: LCV2020177845

| Notice | CP 14 |
|---|---|
| Tax Year | 2018 |
| Notice date | December 2, 2019 |
| Social Security number | |
| Page 5 of 6 | 9H |

## Penalties — continued

**Removal or reduction of penalties**

We understand that circumstances—such as a serious illness or injury, a family member's death, or loss of financial records due to natural disaster—may make it difficult for you to meet your taxpayer responsibility in a timely manner.

We can generally process your request for penalty removal or reduction quicker if you contact us at the number listed above with the following information:

- Identify which penalty charges you would like us to reconsider (e.g., 2016 late filing penalty).
- For each penalty charge, explain why you believe it should be reconsidered.

If you write us, include a signed statement and supporting documentation for penalty abatement request.

We'll review your statement and let you know whether we accept your explanation as reasonable cause to reduce or remove the penalty charge(s).

**Removal of penalties due to erroneous written advice from the IRS**

If you were penalized based on written advice from the IRS, we will remove the penalty if you meet the following criteria:

- You wrote us asking for written advice on a specific issue.
- You gave us adequate and accurate information.
- You received written advice from us.
- You relied on our written advice and were penalized based on that advice.

To request removal of penalties based on erroneous written advice from us, submit a completed Claim for Refund and Request for Abatement (Form 843) to the address shown above. For a copy of the form, go to www.irs.gov or call 800-TAX-FORM (800-829-3676).

**Interest charges**

We are required by law to charge interest when you do not pay your liability on time. Generally, we calculate interest from the due date of your return (regardless of extensions) until you pay the amount you owe in full, including accrued interest and any penalty charges. Interest on some penalties accrues from the date we notify you of the penalty until it is paid in full. Interest on other penalties, such as failure to file a tax return, starts from the due date or extended due date of the return. Interest rates are variable and may change quarterly. (Internal Revenue Code section 6601)

Note: The interest amount shown here may differ from the amount shown on Page 1. The computation shown here may include interest charges on amounts due before the adjustment.

| Period | Days | Interest rate | Interest factor | Amount due | Interest charge |
|---|---|---|---|---|---|
| 04/15/2019 – 06/30/2019 | 76 | 6.0% | 0.012570476 | $55,291.60 | $695.04 |
| 06/30/2019 – 12/02/2019 | 155 | 5.0% | 0.021458413 | 55,986.64 | 1,201.38 |
| **Total Interest** | | | | | **$1,896.42** |

We multiply your unpaid tax, penalties, and interest (the amount due) by the interest rate factor to determine the interest due.

5/6

Continued on back...

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 71 of 75 PageID: 242

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 64 of 65 PageID: 70
GLO-L-000112-20   01/27/2020 12:25:24 PM  Pg 63 of 63 Trans ID: LCV2020177845



| Notice | CP14 |
|---|---|
| Tax Year | 2018 |
| Notice date | December 2, 2019 |
| Social Security number | |
| Page 6 of 6 | 9H |

**Additional information**

- Visit www.irs.gov/cp14
- For tax forms, instructions, and publications, visit www.irs.gov or call 800-TAX-FORM (800-829-3676).
- Paying online is convenient, secure, and ensures timely receipt of your payment. To pay your taxes online or for more information, go to www.irs.gov/payments.
- You can contact us by mail at the address at the top of the first page of this notice. Be sure to include your Social Security number and the tax year and form number you are writing about.
- Keep this notice for your records.

If you need assistance, please don't hesitate to contact us.

6/6

Case 1:20-cv-03053-RMB-AMD   Document 16-9   Filed 07/13/20   Page 72 of 75 PageID: 243

Case 1:20-cv-03053   Document 1-2   Filed 03/19/20   Page 65 of 65 PageID: 71
GLO-L-000112-20   01/27/2020 12:25:24 PM   Pg 1 of 1 Trans ID: LCV2020177845

# Civil Case Information Statement

**Case Details: GLOUCESTER | Civil Part Docket# L-000112-20**

**Case Caption:** GERICKE JOHN  VS TRUIST

**Case Initiation Date:** 01/27/2020

**Attorney Name:** LEWIS G ADLER

**Firm Name:** LEWIS G. ADLER

**Address:** 26 NEWTON AVENUE
WOODBURY NJ 08096

**Phone:** 8568451968

**Name of Party:** PLAINTIFF : Gericke, John

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** OTHER consumer claims

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged?** NO

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Other(explain)   Bank lender

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** YES

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/27/2020
Dated

/s/ LEWIS G ADLER
Signed

%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
John Gericke, Individually and on behalf of All Individuals similarly situated,

## DEFENDANTS
Truist d/b/a or f/k/a Branch Banking and Trust Company

**(b)** County of Residence of First Listed Plaintiff   Gloucester

County of Residence of First Listed Defendant   North Carolina

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Lewis G. Adler, Esq.
26 Newton Avenue
Woodbury, NJ 08096
(856) 845-1968
lewisadler@verizon.net

Attorneys (If Known)
Diane A. Bettino, Esquire
Reed Smith LLP

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | Actions | | |

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Plaintiff alleges violations of the New Jersey Consumer Fraud Act and the Truth in Consumer Contract

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☑ Yes  ☐ No

## VIII. RELATED CASE(S)
(See instructions):

JUDGE _____   DOCKET NUMBER _____

Explanation:

DATE
03/19/2020

SIGNATURE OF ATTORNEY OF RECORD
Diane Bettino /sm

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN GERICKE, Individually and on behalf of All Individuals similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>TRUIST D/B/A OR F/K/A BRANCH BANKING AND TRUST COMPANY and JOHN DOES 1-10,<br><br>                    Defendants. | Civil Action No.<br><br><br><br><br><br>**CERTIFICATION OF SERVICE** |

I hereby certify that on this date, as counsel for Truist Bank, formerly known as Branch Banking and Trust Company ("BB&T"), as successor by merger to Susquehanna Bank (collectively "Truist Bank") (improperly named as "Defendant Truist d/b/a or f/k/a Branch Banking and Trust Company"), I caused to be filed, via electronic filing, the following documents with the United States District Court for the District of New Jersey:

1.   Notice of Removal to the United States District Court;

2.   Certification of Diane A. Bettino, Esquire;

3.   Civil Cover Sheet; and

4.   This Certification of Service.

I hereby certify that on this date, I caused copies of the foregoing documents to be served via email and overnight mail upon:

Lewis G. Adler, Esq.
26 Newton Avenue
Woodbury, NJ 08096
*Attorneys for Plaintiff*

Lee M. Perlman, Esq.
PERLMAN DEPETRIS CONSUMER LAW
1926 Greentree Road, Suite 100
Cherry Hill, NJ 08003
*Attorneys for Plaintiff*

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**REED SMITH LLP**

Dated:  March 19, 2020       By: */s/ Diane A. Bettino*
                Diane A. Bettino

                506 Carnegie Center, Suite 300
                Princeton, NJ 08540
                Telephone: 609-987-0050
                Facsimile: 609-951-0824
                dbettino@reedsmith.com
                *Attorneys for Defendant, Truist Bank*

- 2 -