# EXHIBIT 14

Case 1:20-cv-03053-RMB-AMD   Document 16-16   Filed 07/13/20   Page 2 of 5 PageID: 284

In re Ledin, Not Reported in B.R. Rptr. (2015)
2015 WL 1569742

2015 WL 1569742
Only the Westlaw citation is currently available.
DESIGNATED FOR ONLINE PUBLICATION ONLY
United States Bankruptcy Court, D. Kansas.

IN RE: Jonathan Edward LEDIN, Debtor
Jonathan Edward Ledin, Plaintiff
v.
Wells Fargo Bank, N.A. Defendant.

Case No. 14–12347
|
Adv. No. 14–5192
|
Signed March 31, 2015

**Attorneys and Law Firms**

Jonathan Edward Ledin, Hutchinson, KS, pro se.

Cassandra L. Writz, Bryan Cave LLP, Kansas City, MO, for Defendant.

### ORDER GRANTING MOTION TO DISMISS (Dkt. 12)

Robert E. Nugent, United States Chief Bankruptcy Judge

**\*1** When a party brings an action based upon a claim that has been previously litigated and resolved between the same parties and on the same grounds, that claim is barred by the doctrine of *res judicata*.[1] For this doctrine to apply, the new action must involve the same claim, the same parties, claims that were or could have been raised, and a final judgment on the merits. If those four elements are met, the new action must be dismissed. In this case, Jonathan Ledin asks this court to enter a judgment finding that the mortgage that encumbers his homestead has been canceled and should be released. He bases this claim on the mortgagee having previously issued a 1099–C Cancellation of Debt (COD) notice to his late father, in connection with a note his father signed that was secured by the mortgage. When a creditor forgives or cancels a debt, the cancelled debt is generally income to the debtor. The creditor reports that income to the Internal Revenue Service by issuing a 1099–C notice.

Prior to his bankruptcy Ledin filed a state court lawsuit in Reno County District Court seeking essentially the same relief he seeks here: to quiet title to his home by way of a court order that the mortgage be released. The state court entered a judgment denying that relief and finding that the mortgage remained a valid and enforceable lien on his property, notwithstanding that the underlying personal indebtedness had been cancelled. Ledin also filed a similar suit in the U.S. District Court for the District of Kansas, seeking the same relief. The District Court dismissed that action when it found that his claims were precluded by the prior state court determination. Now Ledin has filed the same or a very similar action here and Wells Fargo again seeks dismissal on *res judicata* grounds. Because this adversary proceeding involves the same claims and parties as the prior actions did, and because final judgments on the merits have been entered in both the state court Reno County action and the federal District Court case, Ledin's adversary complaint must be dismissed.[2]

***Rule 12(b)(6) Standards***[3]
In determining whether Ledin's complaint states a claim upon which relief may be granted, I assess whether the factual allegations give rise to a cause of action against Wells Fargo that is plausible on its face. The question is whether the complaint contains facts sufficient to support these claims, not whether Ledin will ultimately prevail on those claims.[4] The plaintiff must allege enough facts to support a claim that is plausible on its face.[5] The plausibility standard is less than a probability but more than a sheer possibility that Ledin is entitled to the relief requested.[6]

**\*2** For purposes of this motion, I take the facts pled in Ledin's complaint as true.[7] In addition, I may consider the exhibits or attachments to Wells Fargo's and Ledin's briefs without converting the motion to dismiss to one for summary judgment under Fed.R.Civ.P. 12(d).[8] Specifically, I can take judicial notice of petitions, orders, journal entries, or other pleadings from the prior state and federal court cases, as referenced below, all of which were attached to either Wells Fargo's memorandum of law in support of its motion to dismiss or Ledin's responsive brief.[9] At a related hearing held in this adversary proceeding on February 12, 2015, Ledin authenticated these outside pleadings and judicial records by confirming on the record in open court that they were genuine copies of the originals filed in or issued by those courts, thereby lending them suitable for my taking judicial notice of them.

Case 1:20-cv-03053-RMB-AMD   Document 16-16   Filed 07/13/20   Page 3 of 5 PageID: 285

In re Ledin, Not Reported in B.R. Rptr. (2015)
2015 WL 1569742

*Facts*

In May of 2007, Jonathan Ledin received a deed to real property in Hutchinson, Kansas from the trustee of his parents' living trust after his father, Charles Ledin, died. Before Charles died, he granted a mortgage on the Hutchinson property to Wells Fargo to secure repayment of a promissory note. Jonathan's deed came subject to that mortgage. Sometime in 2007, Wells Fargo filed a foreclosure petition in the Reno County District Court, seeking to enforce the mortgage, but dismissed that case without prejudice on June 24, 2008. [10] Then, in 2008, and again in 2011, Wells Fargo issued two COD notices to Charles Ledin. Jonathan claims that these notices amount to a cancellation of Charles' debt and Wells Fargo is required to release the mortgage that encumbers what is now Jonathan's homestead.

Jonathan first filed a quiet title action in Reno County District Court in 2009 seeking an order that would require Wells Fargo to release the mortgage. He based his claim on Wells Fargo's having failed to foreclose its mortgage. [11] He attached to that petition a copy of the Reno County court's dismissal order in the 2007 foreclosure case, a copy of his letter demanding that the mortgage be released, and a copy of a COD notice addressed to Charles Ledin. On August 13, 2010, the state court issued a Journal Entry finding that "the indebtedness secured by the mortgage has not been paid and the mortgage remains unreleased. Said mortgage is a valid and enforceable lien encumbering the subject real estate...." [12] The Court entered judgment against Jonathan and in favor of Wells Fargo. [13]

*3 On May 15, 2012, Jonathan filed a second action against Wells Fargo in Reno County alleging that Wells Fargo was required to release the mortgage by the Mortgage Forgiveness Debt Relief Act of 2007 and certain IRS regulations. [14] He also pleaded a tort claim for "wrongful foreclosure," seeking $180 million in damages. This action was dismissed with prejudice by agreement of the parties on June 29, 2012. [15]

On January 3, 2014, Jonathan filed an action in the U.S. District Court, alleging in somewhat more detail that after Wells Fargo issued the CODs, it was required by the provisions of the Mortgage Forgiveness Debt Relief Act of 2007 and attendant regulations to release its mortgage. [16] He also sought damages for "tax fraud" and now claimed $180 billion in damages. The District Court dismissed that action on February 28, 2014, finding that the claims raised in the federal court complaint were identical to those pled in the Reno County actions, that they had been litigated among the same parties, and that they had been considered on the merits and rejected. [17]

Ledin brought this adversary proceeding in his chapter 7 case filed here on October 14, 2014. That complaint recites what Ledin has claimed before, that Wells Fargo should be compelled to release the mortgage because it has forgiven Charles Ledin's indebtedness and that the release is required by the Internal Revenue Code and corresponding federal regulations. He again asserts a claim for "tax fraud" based upon Wells Fargo's violations of the income reporting regulation, § 1.6050P–1. He also alleges that the mortgage lien may be avoided as judicial lien under 11 U.S.C. § 522(f). Wells Fargo filed its motion to dismiss the complaint, asserting that this action is barred by *res judicata.* [18]

*Analysis*

*Res Judicata*

Ledin's claim for release of the mortgage is barred by *res judicata.* That doctrine bars repeated litigation of claims between parties that have already been tried and decided in earlier proceedings. Here, Ledin asked both the Reno County state court and the federal District Court to find that because Wells Fargo forgave his late father's personal obligation it was required to release the mortgage that secured that obligation. In the 2009 action, the Reno County court declined to do that, finding that the mortgage was still valid and enforceable. The U.S. District Court concluded that the 2009 decision was *res judicata* on the point. Nothing presented in the current complaint would warrant my concluding differently. Because Ledin's action is barred by *res judicata,* it is not facially plausible that he could prevail on it. He has failed to state a claim and that part of the complaint must therefore be dismissed.

*In Rem Liability*

Even if Ledin's claim isn't barred by *res judicata,* it is legally implausible because it is grounded in a fundamental misunderstanding of Kansas mortgage law. The fact that Wells Fargo may not have pursued Ledin's late father personally on his note in no way eviscerates its right to pursue payment of the obligation from the land his father encumbered as collateral for that note. This point has been well established by the Kansas appellate courts for many years and recognizes that the holder of a promissory note

Case 1:20-cv-03053-RMB-AMD   Document 16-16   Filed 07/13/20   Page 4 of 5 PageID: 286

**In re Ledin, Not Reported in B.R. Rptr. (2015)**
2015 WL 1569742

secured by a mortgage may choose not to pursue the maker of the note personally, but still retains the right to recover its debt *in rem,* or against the land, by enforcing the mortgage.[19] Wells Fargo has no personal claim against either Ledin or his father anymore, but, like any mortgagee whose collateral has been conveyed subject to the mortgage, it may still foreclose the mortgage or assert a lien on the proceeds of the real estate should Ledin sell it voluntarily. Even if this were the first time that Ledin had pled his claim and res judicata did not apply, he has shown no legal basis for invalidating Wells Fargo's mortgage, rendering the relief he seeks implausible.

### *Internal Revenue Code § 108*

**\*4** Also legally inaccurate is Ledin's characterization of his "rights" under the Mortgage Forgiveness Debt Relief Act. Enacted in 2007 in response to the growing financial crisis of that time, this Act amended the provisions of § 108(a)(1)(E) of the Internal Revenue Code to provide that a taxpayer's gross income doesn't include, among other things "discharged qualified principal residence indebtedness."[20] Qualified "principal residence indebtedness" is defined in § 108(h)(2) as acquisition indebtedness, *(i.e.,* purchase money debt secured by the home), that the taxpayer incurred to purchase or build her home. If a taxpayer loses her home in foreclosure, but the foreclosure sale of the home does not bring enough to liquidate the debt, if the lender forgives the remaining balance, that cancelled debt is not income to the taxpayer debtor. Prior to the enactment of this amendment, it was. Nothing in § 108 or 26 C.F.R. § 1.6050P–1 requires the lender to release mortgages upon cancellation of the underlying debt. That regulation merely governs how and when the cancellation of debt is to be reported to the IRS.[21] It does not establish penalties or provide for money damages for violations. Nor does it establish a claim for "tax fraud." So neither § 108 nor § 1.6050P–1 supply a basis for a facially plausible claim.

### *Lien Avoidance, § 522(f)(1)*

Now that Ledin is in bankruptcy, he claims that this court can avoid the mortgage as a judgment lien under 11 U.S.C. § 522(f)(1)(A). That section provides that a debtor may avoid the fixing of a hen that impairs an exemption if the lien is a "judicial hen." A "judicial hen" is defined in § 101(36) of the Bankruptcy Code as a lien obtained by judgment or other legal or equitable process. Thus, the soul of a judicial lien is that it is imposed by a court, not created consensually the way a mortgage is. Ledin believes that the journal entry entered in the 2009 Reno County case, the one that found that the mortgage remained valid, somehow transformed that lien into a judicial lien. It didn't. That judgment merely found that the mortgage remained enforceable. It did not purport to foreclose it. And, even if Wells Fargo had obtained a foreclosure judgment concerning this mortgage, foreclosure judgments are specifically excepted from the judicial lien avoidance statute by § 522(f)(2)(C) which provides that the judicial lien avoidance power does not extend to "a judgment arising out of a mortgage foreclosure."[22] Section 522(f)(1) affords Ledin no plausible source of legal relief and the Court in any event has already rejected the claim *in this adversary proceeding*.[23]

### *Conclusion*

Having failed to either plead a facially plausible claim for relief or a claim that has not previously been adjudicated, Ledin's complaint must be dismissed for failure to state a claim. A separate judgment of dismissal shall be issued this same day.

**SO ORDERED.**

### All Citations

Not Reported in B.R. Rptr., 2015 WL 1569742

---

Footnotes

1    See *Jackson Trak Group, Inc. v. Mid States Port Authority,* 242 Kan. 683, 690–91, 751 P.2d 122 (1988) (discussing claim preclusion and issue preclusion aspects of *res judicata* doctrine).
2    Wells Fargo Bank appears by its counsel Cassandra L. Writz. Plaintiff Jonathan Edward Ledin appears *pro se.*
3    Motions to dismiss under Fed.R.Civ.P. 12(b)(6) are made applicable to adversary proceedings by Fed. R. Bankr.P. 7012.
4    *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir.2008) (In ruling on a motion to dismiss the judge must accept all allegations as true and may not dismiss on the basis that it appears unlikely the allegations can be proven.).
5    *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (enough facts must be alleged to nudge the claim across the line from conceivable to plausible).

Case 1:20-cv-03053-RMB-AMD   Document 16-16   Filed 07/13/20   Page 5 of 5 PageID: 287

In re Ledin, Not Reported in B.R. Rptr. (2015)
2015 WL 1569742

6   *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

7   *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir.2007) (In reviewing the sufficiency of the complaint, the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff.); *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir.1994) (A Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after accepting as true all well-pleaded factual allegations.).

8   *See Navajo Nation v. Urban Outfitters, Inc.,* 935 F.Supp.2d 1147, 1157 (D.N.M.2013) (Conversion of motion to dismiss to one for summary judgment is not required under Rule 12(d), where court can properly take judicial notice of the extra-pleading materials); *J.P. Morgan Trust Co. Nat. Ass'n v. Mid–Am. Pipeline Co.,* 413 F.Supp.2d 1244, 1257–58, 1260–61 (D.Kan.2006). *See also, Hausler v. Felton,* 739 F.Supp.2d 1327, 1329 (N.D.Okla.2010) aff'd, 457 Fed. Appx. 727 (10th Cir.2012) (determining claim preclusion on motion to dismiss by taking judicial notice of pleadings and orders in previous cases); *Lester v. Minnesota Life Ins. Co.,* 2014 WL 5601078 (N.D.Okla. Nov. 3, 2014) (res judicata case); *Grynberg v. Koch Gateway Pipeline Co.,* 390 F.3d 1276, 1278 n. 1 (10th Cir.2004).

9   *Id. See Q Int'l Courier, Inc. v. Smoak,* 441 F.3d 214, 216 (4th Cir.2006) ("When entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact."). *See also* Dkt. 13 (Wells Fargo's brief) and Dkt. 16 (Ledin's brief)

10  Dkt. 13–1, pp. 14–16 (Case No. 07 CV 642, Order Dismissing Case).

11  Dkt. 13–1, pp. 1–4 (Case No. 09 CV 315, Quiet Title Petition).

12  Dkt. 13–1, pp. 22–23 (Case No. 09 CV 315, Journal Entry of Judgment).

13  Ledin appealed the judgment to the Kansas Court of Appeals but it was dismissed on April 26, 2011 after the parties entered into a settlement agreement, Ledin breached its terms, and the Court of Appeals, in confirming the settlement agreement, dismissed the appeal. *See* Dkt. 13–1, p. 30. On January 20, 2012, the Kansas Supreme Court denied Ledin's petition for review. See Dkt. 13–1, p. 31. The judgment in the 2009 quiet title case is, in any event, final.

14  Dkt. 13–1, pp. 35–62 (Case No. 12 CV 224, "Petition for ... Illegal and Fraudulent Foreclosure).

15  Dkt. 13–1, p. 79 (Case No. 12 CV 224, Order of Dismissal).

16  Dkt. 13–1, pp. 80–100 (Civil Action No. 14–1004–MLB, Civil Complaint).

17  Dkt. 13–1, pp. 101–105 (Civil Action No. 14–1004–MLB, Memorandum and Order).

18  Dkt. 13.

19  *See U.S. Bank, N.A. v. Howie,* 47 Kan.App.2d 690, 693–94, 280 P.3d 225 (2012) (court rejected claim of borrower's widow that lender was barred from foreclosing its mortgage, arguing that the mortgage debt was extinguished by the lender's failure to demand payment on note after borrower's death, where mortgage existed at the date of borrower's death; lender was only pursuing *in rem* relief). *See also, Garnett State Sav. Bank v. Tush,* 232 Kan. 447, 657 P.2d 508 (1983) (Under Kansas law, while discharge in bankruptcy will prevent debtor from being personally liable on dischargeable debt, creditor holding security interest in exempt property may look to that property for satisfaction of debt.); *Korb v. Minneapolis Threshing Mach. Co.,* 133 Kan. 783, 3 P.2d 502, 505 (1931) (noting that the personal liability of the mortgagor may be released without extinguishing the mortgage).

20  26 U.S.C. § 108 (2014). *See* Mortgage Forgiveness Debt Relief Act of 2007, § 2, 121 STAT. 1803 (2007); H.R. 3648, 110th Cong., § 2 (Dec. 14, 2007), 2007 Cong. U.S. HR 3648 (Westlaw).

21  *See* I.R.C. § 6050P

22  *See also In re Nichols,* 265 B.R. 831 (10th Cir. BAP 2001) (consensual mortgage lien was not transformed into judicial lien by virtue of state court's foreclosure decree); *In re Ruck,* 451 B.R. 128, 131–32 (Bankr.D.Kan.2011) (even if mortgage "merged" into foreclosure decree, it did not convert consensual lien of mortgage to judicial lien).

23  Ledin brought this identical § 522(f)(1) avoidance claim by separate motion filed on November 17, 2014. *See* Adv. Dkt. 4. The Court denied the motion on the same basis as set forth above—the mortgage lien was not a judicial lien subject to avoidance under that statute. *See* Adv. Dkt. 27.

---

**End of Document**   © 2020 Thomson Reuters. No claim to original U.S. Government Works.