# EXHIBIT 15

IRS INFO 2005-0207, 2005 WL 3561135

Internal Revenue Service (I.R.S.)

IRS INFO
Information Letters

Issue: December 30, 2005
October 7, 2005

**CC:PA:APJP:B01**

**GENIN-126798-05**
Section 6050P -- Returns Relating to Cancellation of Indebtedness by Certain Financial Entities
6050P.00-00 Returns Relating to Cancellation of Indebtedness by Certain Financial Entities
Dear *** :
This letter responds to your request for information dated May 10, 2005, regarding reporting cancellation of indebtedness under section 6050P of the Internal Revenue Code (Code). Specifically, you request information concerning the reporting obligations under section 6050P(c)(2)(D) for an organization that purchases debt.

You state that your organization is in the business of purchasing debts in large pools at a significant discount. Other than purchasing debts, your organization does not lend money or originate loans. The debts that your organization purchases are often significantly delinquent. You state that your organization does not have the resources to pursue collection immediately on all debts that it purchases. Your organization prioritizes its collection activities based on debts with the most anticipated success of collecting. Often the purchased debts are settled for an amount less than the full amount owed.

You state that, although your organization does not actively pursue collection on all of the debts it purchases, it intends to pursue collection in the future. You state that if your organization is required to file Forms 1099-C, "Cancellation of Debt," its ability to collect will be significantly impaired because: (1) courts may view the filing of a Form 1099-C as a written admission on the part of your organization that the debtor no longer owes the debt; and (2) a debtor may be less willing to make payments if he or she receives a copy of the Form 1099-C.

You request information on the section 6050P(c)(2)(D) reporting obligations for an organization that purchases debt. You also request information on how the 36-month non-payment testing period identifiable event applies to an organization that purchases debt.

Organizations Required to Report Under Section 6050P(c)(2)(D)

Section 6050P(a) of the Code provides that any applicable entity that discharges indebtedness of any person during a cale ndar year must file an information return reporting the discharge. Section 6050P(d) provides that every applicable entity required to file a return under section 6050P(a) must furnish a copy of the information return to the debtor. Section 6050P(b) provides that no information reporting is required under section 6050P(a) if the amount of the discharge is less than $600. Section 6050P(c)(2)(D) defines an "applicable entity" to include an organization with a significant trade or business of lending money.

Section 1.6050P-2(a) of the Income Tax Regulations (regulations) provides that lending money is a significant trade or business if the organization lends money on a regular and continuous basis during the calendar year. Section 1.6050P-2(e) provides that lending money includes acquiring an indebtedness. An organization that purchases debt may be an organization with a significant trade or business of lending money for purposes of section 6050P(c)(2)(D) of the Code and the regulations. The

section 6050P(c)(2)(D) reporting requirements apply to discharges of indebtedness that occur on or after January 1, 2005. See section 1.6050P-2(i).

The reporting requirements of section 6050P of the Code and the regulations apply on a calendar year basis. Section 1.6050P-1 of the regulations provides that, upon the occurrence of an identifiable event during a calendar year, an applicable entity must report cancellation of indebtedness of $600 or more during the calendar year unless an exception to reporting applies. Section 1.6050P-1(b)(2)(i) provides eight identifiable events that trigger the reporting requirement under section 6050P.

36-Month Non-Payment Testing Period Identifiable Event

Section 1.6050P-1(b)(2)(i)(H) of the regulations provides a rebuttable presumption that an identifiable event has occurred for the calendar year if a creditor has not received a payment at anytime during a 36 month testing period ending at the close of the year. In applying the non-payment testing period to an organization that purchases debt, on December 31 of each year, the organization must determine how long it has not received payment. See section 1.6050P-1(b)(2)(iv).

The section 6050P(c)(2)(D) reporting requirements apply to discharges of indebtedness that occur on or afte r January 1, 2005. See section 1.6050P-2(i). If the non-payment testing period identifiable event, or any other identifiable event, occurred prior to the effective date of section 1.6050P-2, no reporting is required upon the occurrence of a subsequent identifiable event. If, however, an identifiable event has not occurred before the effective date of section 1.6050P-2, an organization must determine if an identifiable event, including the non-payment testing period identifiable event, has occurred during 2005 or during any subsequent year for purposes of section 6050P reporting.

An organization can rebut the presumption that the non-payment testing period identifiable event occurred by engaging in significant, bona fide collection activity during the last 12 months that is more than nominal or ministerial. See section 1.6050P-1(b)(2)(iv) of the regulations. This would require the organization to pursue collection activity beyond merely generating an automated mailing. See section 1.6050P-1(b)(2)(iv)(A). The organization can also rebut the presumption if the facts and circumstances on January 31 of the following year indicate the debt has not been discharged. See section 1.6050P-1(b)(2)(iv). The facts and circumstances may include the existence of a lien relating to the debt. See section 1.6050P-1(b)(2)(iv)(B).

To briefly address your concerns about whether courts may view the filing of a Form 1099-C as a written admission that the creditor discharged the debt, and that debtors would be less willing to pay after your organization files a Form 1099-C, you should note the following. The Internal Revenue Service does not view a Form 1099-C as an admission by the creditor that it has discharged the debt and can no longer pursue collection. Section 1.6050P-1(a) of the regulations provides that, solely for purposes of reporting cancellation of indebtedness, a discharge of indebtedness is deemed to occur when an identifiable event occurs whether or not an actual discharge of indebtedness has occurred on or before the date of the identifiable event.

This letter calls your attention to certain general principles of the law. It is intended for informational purposes only and does not constitute a ruling. See Section 2.04 of Rev. Proc. 2005-1, 2005-1 IRB 1. If you have any additional questions, please contact our office at ***.

 Sincerely yours,

Donna Welch
Senior Counsel, Administrative Provisions & Judicial Practice (Procedure & Administration)

IRS INFO 2005-0207, 2005 WL 3561135

**End of Document**                              © 2020 Thomson Reuters. No claim to original U.S. Government Works.